EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| | 2016 TSPR 158 |
| Edwin Gutiérrez Torres | 195 DPR ____ |
| | |

Número del Caso: TS-6182


Fecha: 30 de junio de 2016


Abogado del querellado:

      Lcdo. Carlos R. Noriega


Oficina de la Procuradora General:

      Lcda. Maite D. Oronoz Rodríguez
      Procuradora General, Interina

      Lcda. Ileana M. Oliver Falero
      Subprocuradora General, Interina

      Lcda. Karla Pacheco Álvarez
      Subprocuradora General

      Lcda. Noemí Rivera de León
      Procuradora General Auxiliar




Materia: La suspensión será efectiva el 7 de julio de 2016, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |  |
|---|---|---|
| *In re*<br><br>Edwin Gutiérrez Torres | **Núm.** TS-6182 |  |

*PER CURIAM*

San Juan, Puerto Rico, a 30 de junio de 2016.

En esta ocasión, nos corresponde ordenar la suspensión indefinida de la práctica de la abogacía de un integrante de la profesión legal tras su convicción a nivel federal, por un delito que conlleva depravación moral. Esto, al amparo de las disposiciones de la Ley de 11 de marzo de 1909, 4 L.P.R.A. sec. 735.

I

El Lcdo. Edwin Gutiérrez Torres fue admitido al ejercicio de la abogacía el 11 de enero de 1978 y al ejercicio de la notaría el 2 de enero de 1979. El 11 de septiembre de 2008, la Oficina de la Procuradora General Interina, presentó la querella que nos ocupa. En ésta, relató que, el 27 de junio de 2007, el licenciado Gutiérrez Torres se declaró culpable en el foro federal por violación a la sección 1956(h) del Código Penal de los Estados Unidos, 18 U.S.C. sec. 1956(h)(conspiración para lavado de dinero). Luego de declararse culpable, el licenciado Gutiérrez Torres fue sentenciado a cumplir tres años en probatoria por el delito de lavado de dinero, ocho meses en arresto domiciliario con grillete electrónico y el pago de

una multa de cien dólares ($100.00). Se acompañó la querella presentada con copia de la sentencia dictada.

En atención a esta convicción en la esfera federal se solicitó que, al amparo de la sección 9 de la Ley de 11 de marzo de 1909, 4 L.P.R.A. sec. 735, decretáramos la separación indefinida del licenciado Gutiérrez Torres del ejercicio de la abogacía en nuestra jurisdicción. Presentada la querella, el licenciado Gutiérrez Torres compareció ante este Tribunal y contestó la misma. En esencia, arguyó que la sentencia que le fue impuesta en el foro federal revela que el delito que cometió no constituye un delito grave. Además solicita que, al igual que el foro federal, atenuemos la sanción disciplinaria a imponérsele en consideración a sus circunstancias personales particulares.

## II

La sección 9 de la Ley de 11 de marzo de 1909, dispone que

> El abogado que fuere culpable de engaño, conducta inmoral (malpractice), delito grave (felony) o delito menos grave (misdemeanor) en conexión con el ejercicio de su profesión o que fuere culpable de cualquier delito que implicare depravación moral, podrá ser suspendido o destituido de su profesión por la Corte Suprema de Puerto Rico. La persona que siendo abogado fuere convicta de un delito grave cometido en conexión con la práctica de su profesión o que implique depravación moral, cesará convicta que fuera, de ser abogado o de ser competente para la práctica de la profesión. A la presentación de una copia certificada de la sentencia dictada a la Corte Suprema, el nombre de la persona convicta será borrado, por orden de la Corte, del registro de abogados.

4 L.P.R.A. sec. 735 (2015).

Esta disposición legal, por tanto, provee un procedimiento sumario de separación de la abogacía en aquellos casos en los que recaiga un dictamen condenatorio en contra de un abogado. Véase Sigfrido Steidel Figueroa, *Ética y responsabilidad disciplinaria del abogado* 356 (2010). De esta manera, se prescinde del procedimiento ordinario que establece la Regla 14 del Reglamento de este Tribunal, 4 L.P.R.A. Ap. XXI-B R.14.

De otra parte, al momento de determinar lo que constituye conducta que refleje depravación moral según el precitado estatuto, hemos establecido que la misma supone "que se haya actuado contrario a la ética, la honradez, los más altos principios de la justicia". *In re Antonio M. Peluzzo Perotín*, 2016 T.S.P.R. 66, en la pág. 6. Véase, además, *In re Colón Ledée*, 190 D.P.R. 51 (2014); *In re Vázquez Torres* I, 182 D.P.R. 431 (2011); *In re Calderón Nieves*, 157 D.P.R. 299 (2002). En el pasado, hemos afirmado que todo delito que involucre fraude o engaño como elemento esencial, implica depravación moral. Véase *In re Antonio M. Peluzzo Perotín, supra; In re Calderón Nieves, supra.*

## III

En el presente caso, el licenciado Gutiérrez Torres se declaró culpable del delito de conspiración de lavado de dinero, el cual implica, entre otras cosas, intentar efectuar cualquier transacción financiera con fondos provenientes de una actividad ilegal. Véase 18 U.S.C. sec. 1956. Indudablemente, el delito por el que se declaró

culpable y fue convicto por el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico, contiene como requisito principal el elemento de fraude. Ello, de por sí, demuestra que el licenciado Gutiérrez Torres está incapacitado de ejercer la profesión legal en nuestra jurisdicción. En numerosas ocasiones, hemos expresado que, "si se demuestra que la conducta del abogado no le hace digno de pertenecer a este foro, podemos ejercer nuestra facultad inherente de desaforo, aunque las actuaciones del abogado hayan surgido por causas no relacionadas con el ejercicio de la profesión". *In re León Sánchez*, 2003 T.S.P.R. 139.

En virtud de la sentencia condenatoria dictada por el foro federal, mediante la cual se declaró culpable al señor Gutiérrez Torres de un delito que implica depravación moral y falta de honradez y, en el ejercicio de nuestra facultad inherente de regular la práctica de la profesión legal, se decreta la suspensión inmediata e indefinida del licenciado Gutiérrez Torres del ejercicio de la abogacía y la notaría en Puerto Rico. Se ordena, además, la remoción de su nombre en el registro de abogados autorizados a postular en nuestra jurisdicción.

El señor Gutiérrez Torres deberá notificar a todos sus clientes de su inhabilidad para continuar representándolos y deberá devolver a éstos los expedientes de los casos pendientes, así como los honorarios recibidos por trabajos no rendidos. Además, deberá informar inmediatamente de su

suspensión a los distintos foros judiciales y administrativos en los que tenga algún asunto pendiente. Por último, deberá acreditar a este Tribunal, dentro de un término de treinta (30) días contados a partir de la notificación de esta Opinión *Per Curiam*, el cumplimiento con lo anterior. La Oficina del Alguacil de este Tribunal procederá, de inmediato, a incautar la obra y el sello notarial del señor Gutiérrez Torres para el trámite correspondiente ante la Oficina de Inspección de Notarías.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| *In re* <br><br> Edwin Gutiérrez Torres | **Núm.** <u>TS-6182</u> |

SENTENCIA

San Juan, Puerto Rico 30 de junio de 2016

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, y en virtud de la sentencia condenatoria dictada por el foro federal, mediante la cual se declaró culpable al señor Gutiérrez Torres de un delito que implica depravación moral y falta de honradez y, en el ejercicio de nuestra facultad inherente de regular la práctica de la profesión legal, se decreta la suspensión inmediata e indefinida del licenciado Gutiérrez Torres el ejercicio de la abogacía y la notaría en Puerto Rico. Se ordena, además, la remoción de su nombre en el registro de abogados autorizados a postular en nuestra jurisdicción.

El señor Gutiérrez Torres deberá notificar a todos sus clientes de su inhabilidad para continuar representándolos y deberá devolver a éstos los expedientes de los casos pendientes, así como los honorarios recibidos por trabajos no rendidos. Además, deberá informar inmediatamente de su suspensión a los distintos foros judiciales y administrativos en los que tenga algún asunto pendiente. Por último, deberá acreditar a este Tribunal, dentro de un término de treinta (30) días contados a partir de la notificación de esta Opinión *Per Curiam*, el cumplimiento con lo anterior.

Se ordena a la Oficina del Alguacil de este Tribunal proceder, de inmediato, a incautar la obra y el sello notarial del señor Gutiérrez Torres para el trámite correspondiente ante la Oficina de Inspección de Notarías.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Estrella Martínez concurre sin opinión escrita. La Jueza Presidenta Oronoz Rodríguez inhibida. La Jueza Asociada señora Pabón Charneco no intervino.


Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo