EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:                        |                 |
|-------------------------------|-----------------|
|                               | 2016 TSPR 168   |
| Damián F. Planas Merced       | 195 DPR ____    |
|                               |                 |

Número del Caso: AB-2014-40
              TS-11,242

Fecha: 19 de julio de 2016

Abogado del querellado:

        Por derecho propio

Oficina de la Procuradora General:

        Lcda. Karla Pacheco Álvarez
        Subprocuradora General

        Lcdo. Eric O. de la Cruz Iglesias
        Procurador General Auxiliar

Materia: La suspensión será efectiva el 19 de julio de 2016, fecha en que se le notificó por correo al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |  |
|---|---|---|
| In re:<br><br>Damián F. Planas Merced | AB-2014-0040<br>TS-11,242 |  |

*PER CURIAM*

San Juan, Puerto Rico, a 19 de julio de 2016.

En el día de hoy, nuevamente nos encontramos en la necesidad de ejercer nuestra facultad disciplinaria contra un miembro de la profesión legal por su incumplimiento con los requerimientos de este Tribunal. A pesar de las oportunidades concedidas, nos vemos en la obligación de imponer la más severa de las sanciones por una conducta que es temeraria y constituye un desafío.

I

El Lcdo. Damián F. Planas Merced (licenciado Planas Merced), fue admitido al ejercicio de la abogacía el 30 de junio de 1995 y a la Notaría el 17 de agosto de 1995.

Es menester mencionar que el licenciado Planas Merced ha sido disciplinado en el pasado. En específico, el 23 de noviembre de 2010 este Tribunal determinó que el licenciado Planas Merced sostuvo una comunicación *ex parte* contraria al Canon 28 del Código de Ética Profesional, 4

LPRA Ap. IX, C. 28. Véase *In re: Planas Merced*, 180 DPR 179 (2010). Por tratarse de la primera falta, este Tribunal limitó la sanción a suspenderlo de la práctica de la profesión por un término de tres (3) meses. Se ordenó, además, la incautación de la obra y sello notarial para que se le entregase al Director de la Oficina de Inspección de Notarías (ODIN), cuya incautación se efectuó el 6 de diciembre de 2010. No obstante, a solicitud del licenciado Planas Merced, el 11 de marzo de 2011 este Tribunal autorizó su reinstalación únicamente al ejercicio de la abogacía. Véase, *In re Planas Merced I*, 181 DPR 1014 (2011). Posteriormente, el 29 de marzo de 2011, este Tribunal readmitió al licenciado Planas Merced al ejercicio de la Notaría. Véase, *In re Planas Merced II*, 181 DPR 1014 (2011).

Por otro lado, el 7 de febrero de 2014, el Sr. Wilfredo Ortiz Maldonado, quien actualmente se encuentra cumpliendo una pena de reclusión junto con su hermano David Ortiz Maldonado, presentó una "Queja" contra el licenciado Planas Merced alegando, *inter alia*, que su madre contrató al licenciado para que asumiera la representación legal de ambos hermanos y le pagó la cantidad de $5,000.00. Sin embargo, el licenciado Planas Merced solicitó permiso al Tribunal de Apelaciones para representarlos de manera *Pro Bono*.

Luego de varios plazos concedidos por la Secretaria de este Tribunal, finalmente el 1 de julio de 2014 el

licenciado Planas Merced respondió la Queja rechazando todas las alegaciones. Meses después, el 24 de octubre de 2014, el licenciado Planas Merced sometió "Solicitud de Cambio a Estatus de Abogado Inactivo en el Registro Único de Abogados y Abogadas" (RÚA) arguyendo en principio que está impedido de ejercer la profesión porque padece de cierta condición de salud mental. El 27 de febrero de 2015 la Procuradora General compareció mediante "Informe de la Oficina de la Procuradora General", y expuso que existía prueba clara, robusta y convincente para iniciar un procedimiento disciplinario a tenor con la Regla 14 de nuestro Reglamento. 4 LPRA Ap. XXI-B, R. 14. No obstante, recomendó iniciar contra el licenciado Planas Merced un procedimiento especial bajo la Regla 15(c) de nuestro Reglamento. 4 LPRA Ap. XXI-B, R. 15(c).

El 8 de abril de 2015 la Secretaria de este Tribunal le remitió una comunicación al licenciado Planas Merced concediéndole un término de veinte (20) días para expresarse sobre el Informe presentado por la Oficina de la Procuradora General. El licenciado Planas Merced, sin embargo, **no contestó este requerimiento**. Así las cosas, el 19 de junio de 2015 este Tribunal atendió los escritos de la parte querellante (Queja AB-2014-40), el Informe de la Procuradora General y la solicitud de cambio de estatus a abogado inactivo, y emitió una Resolución mediante la cual se le concedieron treinta (30) días al licenciado Planas Merced para que solicitara cesación a la Notaría.

Advertimos que de cumplirse con este requisito, esta Curia estaría en posición de concederle la solicitud de inactividad. Se condicionó tal proceder a que si el licenciado Planas Merced solicitase reinstalación al ejercicio de la profesión legal, se reactivaría la Queja AB-2014-40, se tendría que someter al procedimiento especial bajo la Regla 15(c) de nuestro Reglamento y, además, tendría que ponerse al día con el Programa de Educación Jurídica Continua. Asimismo, apercibimos al licenciado Planas Merced que de no cumplir con los términos de la Resolución, estaría sujeto a posibles sanciones disciplinarias, incluyendo su separación de la profesión legal.

El 17 de septiembre de 2015 el Director de la Oficina de Inspección de Notarías (ODIN), Lcdo. Manuel E. Ávila De Jesús, mediante "Moción Notificando Incumplimiento de Orden" acreditó el incumplimiento del licenciado Planas Merced con el término de treinta (30) días concedido por este Tribunal para solicitar cesación de la Notaría ante la ODIN. En esta Moción el Director de la ODIN informó a este Tribunal, entre otras cosas, que advino en conocimiento que el licenciado Planas Merced se mudó permanentemente a la ciudad de Boston, Massachusetts aparentemente por razones médicas, por lo que solicitó inactivarse de la práctica de la abogacía. El Director de la ODIN informó, además, que las gestiones para contactar al licenciado Planas Merced habían sido infructuosas.

Ante la falta de cumplimiento del licenciado Planas Merced con la Resolución de esta Curia, nos vemos precisados en imponer sanciones disciplinarias más severas.[1]

II

El Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 9, dispone que todo abogado deberá observar hacia los tribunales una conducta que se caracterice por el mayor respeto y diligencia. La naturaleza de la función de abogado requiere de una escrupulosa atención y obediencia a las órdenes de este Tribunal. *In re Bello Rivera,* 192 DPR 812, 816 (2015)*; In re Pacheco Pacheco,* 192 DPR 553, 560 (2015). *In re Dávila Toro*, 179 DPR 833, 840 (2010).

Reiteradamente hemos señalado que desatender las órdenes judiciales no puede ser tomado livianamente, constituye un serio agravio a la autoridad de los tribunales y, en consecuencia, constituye una infracción al Canon 9, *supra. In re Bello Rivera*, supra*; In re De Jesús Román,* 192 DPR 799, 803 (2015); *In re Dávila Toro*, supra.

A su vez, hemos advertido que procede la suspensión del ejercicio de la profesión cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante nuestros apercibimientos de imponerle

---

[1] Ahora bien, respecto a la Queja AB-2014-0040 arriba mencionada, esta Curia no entrará a evaluar los méritos de las alegaciones contenidas en la misma toda vez que lo que hoy nos ocupa es el incumplimiento del licenciado Planas Merced con los requerimientos de este Tribunal.

sanciones disciplinarias. *In re Santiago Calderón*, res. el 29 de abril de 2016, 2016 TSPR 82, 193 DPR ___ (2016); *In re Irizarry Irizarry*, 190 DPR 368, 375 (2014). *In re Toro Soto*, 181 DPR 654, 660 (2011).

En este caso, el 19 de junio de 2015 este Tribunal emitió una Resolución mediante la cual se le concedió un término de treinta (30) días al licenciado Planas Merced para que solicitara cesación a la Notaría. Advertimos que de cumplirse con este requisito, esta Curia estaría en posición de concederle su solicitud de inactividad. Sin embargo, aun cuando al licenciado Planas Merced se le apercibió de que podrían imponérsele sanciones disciplinarias severas en caso de que incumpliera con nuestros requerimientos, este ha hecho caso omiso. Asimismo, las gestiones realizadas por la ODIN para contactar al licenciado Planas Merced han sido infructuosas. Ciertamente, el expediente del licenciado Planas Merced refleja un patrón de incumplimientos, desidia y desinterés de su parte a las órdenes de esta Curia.

III

Por los fundamentos antes expuestos, se suspende inmediata e indefinidamente del ejercicio de la abogacía y la notaría al licenciado Planas Merced.

Se le impone al licenciado Planas Merced el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera

honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Por último, el Alguacil de este Tribunal deberá incautar la obra y el sello notarial del licenciado Planas Merced y entregarlo a la Oficina del Director de la Oficina de Inspección de Notaría para la correspondiente investigación e informe.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Damián F. Planas Merced

AB-2014-0040
TS-11,242

SENTENCIA

En San Juan, Puerto Rico, a 19 de julio de 2016.

Por los fundamentos antes expuestos, se suspende inmediata e indefinidamente del ejercicio de la abogacía y la notaría al licenciado Planas Merced.

Se le impone al licenciado Planas Merced el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Por último, el Alguacil de este Tribunal deberá incautar la obra y el sello notarial del licenciado Planas Merced y entregarlo a la Oficina del Director de la Oficina de Inspección de Notaría para la correspondiente investigación e informe.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal Supremo Interina

Sonnya Isabel Ramos Zeno
Secretaria del Tribunal Supremo Interina