EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br><br> Elí Saúl Rodríguez Ruiz <br> (TS-6602) | 2017 TSPR 102 <br><br> 198 DPR ____ |

Número del Caso: AB-2016-337
                 AB-2016-122


Fecha:   17 de mayo de 2017


Abogado de la parte promovida:

        Por derecho propio


Oficina del Procurador General

        Lcdo. Luis Román Negrón
        Procurador General


Materia:   La suspensión será efectiva el 8 de junio de 2017, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Elí Saúl Rodríguez Ruiz                AB-2016-0337
TS-6602                                AB-2016-0122

PER CURIAM

En San Juan, Puerto Rico, a de 17 mayo de 2017.

En el día de hoy nos atañe ejercer nuestro poder disciplinario y decretar la suspensión inmediata e indefinida del licenciado Elí Saúl Rodríguez Ruiz por desobedecer tanto las órdenes de este Tribunal, como los requerimientos cursados por la Oficina del Procurador General. Por los fundamentos que a continuación enunciamos, lo suspendemos inmediata e indefinidamente de la práctica de la abogacía y la notaría.

I

El licenciado Elí Saúl Rodríguez Ruiz (licenciado Rodríguez Ruiz o querellado) fue

admitido a la práctica de la abogacía el 7 de noviembre de 1979 y a la práctica de la notaría el 20 de enero de 1989. El 31 de octubre de 2016 la señora Jine Marie Maldonado Pérez (señora Maldonado o quejosa) presentó una queja contra el licenciado Rodríguez Ruiz.[1] En dicha queja, la señora Maldonado expresó que el Sr. Edgar Román (señor Román) se apropió de un vehículo de motor de su pertenencia, razón por la cual acudió al Centro de Servicios al Conductor. Indicó que fue allí donde advino en conocimiento que, mediante un documento, se traspasó la titularidad de su vehículo a nombre del señor Román. Adujo que, posteriormente, descubrió que dicho documento fue juramentado por el licenciado Rodríguez Ruiz.

El 17 de noviembre de 2016 la Subsecretaria de este Tribunal le cursó una notificación al licenciado Rodríguez Ruiz. En dicho aviso, se adjuntó copia de la queja presentada por la señora Maldonado. Asimismo, mediante el referido apercibimiento se le confirió al querellado un término de diez días, a partir del recibo de la notificación, para contestar la queja. Finalmente, se le indicó que, de no comparecer en el término señalado, se referiría la queja al Procurador General sin su comparecencia.

---

[1] La queja presentada por la señora Maldonado es la AB-2016-0337. Además, aclaramos que al presente contra el licenciado Rodríguez Ruiz pesan varias quejas. En ese sentido, está pendiente la queja AB-2016-124 presentada el 18 de abril de 2016. Así, también, la queja AB-2017-20 presentada el 25 de enero de 2017. En cuanto a esta última, el querellado no ha comparecido.

El 30 de enero de 2017 -transcurridos setenta y cuatro días desde el primer apercibimiento- se le remitió al querellado una segunda notificación. En dicho aviso, se le concedió a éste un "término final" de diez días, desde la notificación de dicha comunicación, para presentar su contestación. Asimismo, nuevamente se le apercibió que, de no comparecer en el referido plazo, la queja se sometería a la Oficina del Procurador General sin su comparecencia.

El 9 de marzo de 2017, sin contar con la comparecencia del querellado, referimos la mencionada queja a la Oficina del Procurador General. Esto, con la encomienda de investigar las infracciones imputadas. Consecuentemente, el 17 de abril de 2017 el Procurador General presentó su Informe. Indicó que el 20 de marzo de 2017 se le cursó al querellado, mediante carta certificada con acuse de recibo, un Requerimiento de Información.[2] Ello, con el propósito de que éste replicara la mencionada queja dentro de un plazo de diez días. Puntualizó que el 3 de abril de 2017 se le envió el aludido requerimiento de información vía correo electrónico. Sin embargo, informó que el licenciado Rodríguez tampoco contestó el requerimiento cursado. Por otro lado, también adujo que se le cursaron dos requerimientos de información a la quejosa y que ésta tampoco los cumplió.

---

[2] En el Informe del Procurador General se consignó que el requerimiento fue enviado a una dirección en el Municipio de Hatillo. Empero que, como parte de la investigación, surgió que el querellado tiene otra oficina en el Municipio de Arecibo.
Además, se desprende del Informe que el 5 de abril de 2017 la Oficina del Procurador General recibió el acuse de recibo que evidencia que el querellado recibió el requerimiento de información.

A la luz de este cuadro fáctico, el Procurador General concluyó que el proceder del querellado, al no contestar las órdenes de este Tribunal y los requerimientos de la Oficina del Procurador General, vulneró los Cánones 9 y 12 del Código de Ética Profesional, 4 LPRA Ap. IX, independiente de la conducta que se le atribuyó en la queja.

A la luz de estos hechos, a continuación, enunciamos el marco legal aplicable a los mismos.

II

Como parte de nuestro poder inherente para regular la profesión de la abogacía en Puerto Rico nos compete asegurarnos que los miembros admitidos a la profesión ejerzan sus funciones de manera responsable, competente y diligente.[3] A tono con ello, el Código de Ética Profesional establece las normas mínimas de conducta que deben desplegar los abogados y abogadas que ejercen esta ilustre profesión.[4]

**A. Canon 12 puntualidad y tramitación de los causas.**

El Canon 12 del Código de Ética Profesional, *supra*, le impone a todo letrado el deber de tramitar las causas de forma responsable, puntual y diligente.[5] Específicamente, el aludido canon establece lo siguiente:

---

[3] *In re Oyola Torres*, 194 DPR 437 (2016); *In re Vera Vélez*, 192 DPR 216, 226 (2015).
[4] *In re Rodríguez Gerena*, 2017 TSPR 40, 197 DPR ___ (2017); *In re Guemárez Santiago*, 191 DPR 611, 617-618 (2014); *In re Falcón López*, 189 DPR 689 (2013).
[5] *In re Montalvo Delgado*, 2016 TSPR 223, 196 DPR ___ (2016).

> Es deber del abogado hacia el tribunal, sus compañeros, las partes y testigos el ser puntual en su asistencia y conciso y exacto en el trámite y presentación de las causas. Ello implica el desplegar todas las diligencias necesarias para asegurar que no se causen indebidas dilaciones en su tramitación y solución.

En otros términos, el citado precepto "requiere que los abogados presten atención minuciosa, sean diligentes y cumplan con las órdenes del tribunal, en particular cuando se trata de procedimientos relacionados a la conducta profesional de éstos".[6] Así, también, exige que los letrados respondan con premura los requerimientos sobre las quejas por conducta profesional.[7] Por tal razón, infringe el Canon 12, *supra*, todo abogado que **<u>no responde las resoluciones del Tribunal Supremo, ni comparece a responder una queja que se ha presentado en su contra</u>**.[8]

Además, hemos sido enfáticos al disponer que los togados deben la más estricta observancia a las órdenes judiciales.[9] Es por ello que "la continua desobediencia de las órdenes del tribunal configura una infracción al Canon 12 y expone al letrado a una acción disciplinaria".[10] Esto pues, la conducta de todo abogado debe descansar en el fiel

---

[6] *In re Torres Román*, 2016 TSPR 154, 195 DPR ___ (2016). (Énfasis suplido).

[7] *In re Villalba Ojeda*, 193 DPR 966, 974 (2015); *In re Hernández Vázquez*, 180 DPR 527, 540 (2010).

[8] *In re Massanet Rodríguez*, 188 DPR. 116, 125-126 (2013). (Énfasis suplido).

[9] *In re Miranda Daleccio*, 193 DPR 753, 761 (2015).

[10] *In re Prado Galarza,* 2016 TSPR 158, 196 DPR ___ (2016); *In re Pagán Torres*, 194 DPR 925, 929 (2016).

cumplimiento con la ley y en el respeto al Poder Judicial.[11]

Es menester aclarar que, en ocasiones anteriores, hemos puntualizado que, al igual que el Canon 9, la aplicabilidad del Canon 12 no se encuentra restringida a las órdenes expedidas por esta Curia.[12] En otros términos, esta norma también rige el comportamiento que la clase togada debe observar sobre los requerimientos efectuados por las entidades que auxilian a este Tribunal en el descargo de sus responsabilidades.[13]

**B. Canon 9 conducta del abogado ante los tribunales.**

El Canon 9 del Código de Ética Profesional, *supra*, pauta la conducta que los abogados deben desplegar ante los tribunales de justicia del país. En lo que aquí nos concierne, dicho precepto dispone que todo "abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto".[14]

Previamente, hemos expresado que la naturaleza de la función del abogado conlleva que éste emplee estricta atención y obediencia a las órdenes de este Tribunal o de cualquier foro al que se encuentre obligado a comparecer.[15] Dicho de otro modo, la clase togada tiene un deber ineludible de respetar, acatar y responder de forma diligente nuestras órdenes. Especialmente, hemos destacado

---

[11] *In re Irizarry Rodríguez*, 193 DPR 633, 663 (2015).
[12] *In re Torres Román*, 2016 TSPR 154, 195 DPR ___ (2016).
[13] *Id*.
[14] 4 LPRA Ap. IX. C. 9.
[15] *In re García Ortiz*, 187 DPR 507, 524 (2012).

que este deber conlleva mayor observancia cuando se trata de asuntos relacionados a la conducta profesional de los abogados.[16] Esto, pues, una queja es una alegación la cual imputa que, cierta conducta del abogado, es contraria a los postulados éticos que imperan en la profesión legal.[17] Lo antes dicho aplica indistintamente los méritos de la queja.[18]

Así, pues, el incumplimiento con las órdenes de este Tribunal evidencia un claro menosprecio hacia nuestra autoridad.[19] Por tal razón, la desatención de las órdenes judiciales no puede ser tomada de forma liviana, ya que constituye un serio agravio a la autoridad de los tribunales.[20] Es por ello que, reiteradamente, hemos manifestado que la actitud de indiferencia a nuestros apercibimientos sobre sanciones disciplinarias es causa suficiente para la suspensión inmediata e indefinida de la práctica de la abogacía.[21]

Por otro lado, como bien señalamos, este canon contiene las normas que rigen el comportamiento de la clase togada ante los foros judiciales. No obstante, lo hemos hecho extensivo a aquellas entidades a las cuales le delegamos la tarea de velar por el cumplimiento de los

---

[16] *In re Rivera Sepúlveda*, 192 DPR 985, 988 (2015); *In re Irizarry Irizarry*, 190 DPR 368, 375 (2014).
[17] *In re Echevarría*, 192 DPR 526, 530 (2015).
[18] *Id.*; *In re Marrero García*, 187 DPR 578, 581 (2012).
[19] *In re Irizarry Irizarry*, *supra*, pág. 374; *In re De León Rodríguez*, 190 DPR 378, 390-391 (2014).
[20] *In re Planas Merced*, 2016 TSPR 168, 195 DPR ___ (2016).
[21] *In re Figueroa Cortés*, 2016 TSPR 202, 196 DPR ___ (2016); *In re López González, et al.*, 193 DPR 1021 (2015); In re Irizarry Irizarry, *supra*; *In re Vera Vélez*, supra, pág. 227; *In re Toro Soto*, 181 DPR 654, 660 (2011); *In re Martínez Sotomayor I*, 181 DPR 1, 3 (2011).

deberes del ejercicio de la abogacía. Es decir, lo antes discutido, aplica de igual modo a los requerimientos llevados a cabo por el Procurador General.[22] De manera que, el incumplimiento con los requerimientos del Procurador General, acarrea las mismas sanciones disciplinarias que conlleva el ignorar las órdenes de esta Curia.[23]

Esbozado el marco jurídico aplicable a esta controversia, procedemos a resolver.

### III

Tras examinar el expediente del presente caso, resulta forzoso concluir que la conducta desplegada por el licenciado Rodríguez Ruiz trasgrede los postulados éticos mediante los cuales se debe conducir todo miembro de la clase togada.

Como anteriormente enunciamos, contra el licenciado Rodríguez Ruiz se presentó una queja mediante la cual se le imputó haber obrado en contravención a las normas éticas. En vista de esto, remitimos a éste una notificación con diversos propósitos, a saber: (1) advertirle sobre la conducta imputada; (2) brindarle la oportunidad de defenderse y exponer su versión de los hechos; y (3) advertirle que, de no contestar en el término provisto, la queja sería remitida al Procurador General sin su comparecencia.

---

[22] *In re Pestaña Segovia*, 192 DPR 485, 493 (2015); *In re García Ortiz*, 187 DPR 507, 524 (2012).
[23] In re Pestaña Segovia, *supra*.

Sin embargo, pasados más de dos meses desde que se envió la primera comunicación, el querellado no compareció ni presentó su réplica a la queja. Así las cosas, y a pesar de habérsele apercibido que la queja se remitiría al Procurador General sin su comparecencia, se le cursó un segundo aviso. Así, también, se le concedió un plazo adicional para contestar la queja. No obstante, el licenciado Rodríguez Ruiz tampoco compareció.

Ulteriormente, remitimos la queja a la Oficina del Procurador General para que se efectuara la correspondiente investigación. A tales fines, la mencionada oficina le cursó al licenciado Rodríguez Ruiz – en dos ocasiones – un requerimiento para que éste replicara la queja. Empero, a pesar de que hay prueba que el querellado recibió el aludido requerimiento, éste no cumplió con el mismo. En vista de ello, el Procurador General recomendó que sancionáramos al licenciado Rodríguez Ruiz por infringir los Cánones 9 y 12 del Código de Ética Profesional, *supra*.

Coincidimos con el Procurador General que la conducta de desidia e indiferencia desplegada por el querellado trasgrede los postulados éticos que deben regir a todo miembro de la profesión.

De primeras, el Canon 12 imponía al licenciado Rodríguez Ruiz la obligación de conducirse de manera diligente en los procesos ante los tribunales. Como mencionamos, dicho precepto cobra especial rigor a la hora de acatar las órdenes de esta Curia. Asimismo, el Canon 12

requería que el querellado contestara prontamente los requerimientos relacionados a las quejas fundadas en su conducta profesional. Por consiguiente, el licenciado Rodríguez Ruiz, al no comparecer ante este Tribunal a replicar la queja presentada en su contra, infringió el Canon 12.

En segundo lugar, el querellado, como funcionario del tribunal, venía obligado a conducirse ante nosotros con el mayor de los respetos. Debido a ello, el licenciado Rodríguez Ruiz estaba obligado a prestar atención y obedecer las órdenes de este Tribunal. Especialmente, cuando el procedimiento llevado a cabo en su contra está motivado por su conducta profesional. De igual forma, el querellado estaba obligado a guardar el mismo respeto a los requerimientos hechos por la Oficina del Procurador General, por ser un ente encargado de auxiliarnos en la función reguladora de la profesión.

De manera que, la desidia e inobservancia del licenciado Rodríguez Ruiz, respecto a las comunicaciones cursadas por esta Curia y los requerimientos enviados por el Procurador General demuestran menosprecio hacia nuestra autoridad. Asimismo, su comportamiento constituye un agravio a nuestro poder como ente regulador de la profesión de la abogacía. Este proceder, de por sí, es razón suficiente para ordenar su suspensión inmediata e indefinida de la abogacía.

IV

En lo concerniente a la queja AB-2016-0122 presentada el 21 de abril de 2016, la misma tuvo lugar a causa de un defecto que contenía una escritura que autorizó el licenciado Rodríguez Ruiz. Por tal razón, el asunto se refirió a la Oficina de Inspección de Notaría (ODIN).

Una vez completados los trámites de rigor, el Director de la ODIN nos presentó su Informe. En síntesis, éste indicó que el defecto de la escritura consistía en que el bien objeto de la compraventa pertenecía a una sucesión y que el querellado no consignó en la misma las cuotas viudales usufructuarias. Además, expresó que el 8 y 26 de agosto de 2016 se le cursó al licenciado Rodríguez Ruiz una comunicación. Mediante este aviso, se le solicitó al querellado que expusiera su posición en torno la queja y que presentara cierta documentación. Igualmente, adujo que el 6 de septiembre de 2016 el querellado envió una misiva donde, sin incluir los documentos solicitados, arguyó lo que sigue:

> Hágole saber que actualmente no tengo nada que responder al querellante pues él me hizo saber personalmente y en mi oficina que no tiene nada en mi contra y que así se lo haría saber a ustedes. Se cerró el caso, por lo que yo cerré todo también.[24]

---

[24] Respecto a esta misiva resulta adecuado destacar que el 9 de agosto de 2016 la Asesora Legal de la ODIN, sostuvo una comunicación con el querellado. El licenciado Rodríguez Ruiz manifestó que el quejoso acudió a su oficina a indicarle que desistía de su reclamación. Ante ello, la Asesora Legal le expresó que la ODIN no había recibido comunicación alguna del quejoso que indicara su intención de desistir. Así también le manifestó que "[h]asta tanto el Tribunal Supremo ordene lo contrario, nuestra investigación tiene que seguir su curso de conformidad con la Regla 14(d) del Reglamento del Tribunal Supremo".

Por último, el Director de la ODIN puntualizó que el 6 de septiembre de 2016, como el querellado no había cumplido con lo solicitado, se le cursó un tercer aviso reiterando el pedido. Sin embargo, éste tampoco presentó los documentos requeridos ni su posición sobre la queja.

Basado en estos eventos, el Director de la ODIN concluyó que el querellado vulneró el Canon 9, *supra*, al desatender los requerimientos de la ODIN. En vista de ello, recomendó su suspensión del ejercicio de la notaría por un plazo de noventa días. Sin embargo, a la luz de lo resuelto en la queja AB-2016-0337, este plazo queda subsumido en la suspensión inmediata e indefinida del licenciado Rodríguez Ruiz de la práctica de la abogacía y la notaria.

V

Por los fundamentos que anteceden, suspendemos de forma inmediata e indefinida al licenciado Rodríguez Ruiz de la práctica de la abogacía y la notaría. Así, también, le imponemos el deber de poner en aviso inmediatamente a todos sus clientes sobre su inhabilidad de continuar representándolos y restituir cualesquiera honorarios recibidos por trabajos no realizados.

Igualmente, tendrá que comunicar, inmediatamente, sobre su suspensión a los foros judiciales y administrativos de Puerto Rico en los cuales tenga algún caso pendiente. Asimismo, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo

anterior, dentro del término de 30 días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Por último, el Alguacil de este Tribunal deberá incautar inmediatamente la obra protocolar y sello notarial del señor Rodríguez Ruiz y entregarlos al Director de la ODIN.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Elí Saúl Rodríguez Ruiz          AB-2016-0337
TS-6602                          AB-2016-0122


SENTENCIA


En San Juan, Puerto Rico, a 17 de mayo de 2017.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecende, la cual se hace formar parte de la presente Sentencia, concluímos que el señor Elí Saúl Rodríguez Ruiz infringió los Canones 9 y 12 del Código de Ética Profesional, 4 LPRA Ap. IX. En consecuencia, suspendemos de forma inmediata e indefinida al licenciado Rodríguez Ruiz de la práctica de la abogacía y la notaría. En vista de lo anterior, le imponemos el deber de poner en aviso inmediatamente a todos sus clientes sobre su inhabilidad de continuar representándolos y restituir cualesquiera honorarios recibidos por trabajos no realizados.

Igualmente, tendrá que comunicar, inmediatamente, sobre su suspensión a los foros judiciales y administrativos de Puerto Rico en los cuales tenga algún caso pendiente. Asimismo, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de 30 días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. Por último, el Alguacil de este Tribunal deberá incautar inmediatamente la obra protocolar y

sello notarial del señor Rodríguez Ruiz y entregarlos al Director de la ODIN.

Notifíquese personalmente.

Lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo.


                    Juan Ernesto Dávila Rivera
                 Secretario del Tribunal Supremo