EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br><br>Jesús M. Malavé León | 2023 TSPR 54<br><br>211 DPR ___ |

Número del Caso:  TS-7,654

Fecha:  27 de abril de 2023

Oficina de Inspección de Notarías:

Lcdo. Manuel E. Ávila De Jesús
Director

Sr. Jesús M. Malavé León

Por derecho propio

Materia:  Conducta Profesional – Suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría por el reiterado incumplimiento con los requerimientos de la Oficina de Inspección de Notarías y las órdenes del Tribunal Supremo.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

*In re*:

Jesús M. Malavé León

TS-7654        Conducta
              Profesional


*PER CURIAM*

En San Juan, Puerto Rico, a 27 de abril de 2023.

Una vez más nos vemos en la obligación de suspender inmediata e indefinidamente del ejercicio de la abogacía y la notaría a un miembro de la profesión legal ante su reiterado incumplimiento con los requerimientos de la Oficina de Inspección de Notarías (ODIN) y las órdenes de este Tribunal. Esto, en claro menoscabo del Canon 9 del Código de Ética Profesional, *infra*. Veamos.

## I

El Lcdo. Jesús M. Malavé León (letrado o notario) fue admitido al ejercicio de la abogacía el 6 de junio de 1983 y prestó juramento como notario el 8 de marzo de 1984. El 25 de enero de 2023, la ODIN compareció ante este Foro mediante una *Moción urgente solicitando*

*incautación de obra notarial y otros remedios*.  En síntesis, la ODIN adujo que -como parte de un proceso ordinario de inspección de la obra protocolar del notario- se designó a la Lcda. Sharon Reyes Rodríguez, Inspectora de Protocolos y Notarías (Inspectora), para el examen correspondiente.  Así pues, a la luz de la información obtenida por la Inspectora, la ODIN manifestó que el licenciado Malavé León no ejercía la profesión por razones de salud; que no había designado un notario sustituto en su ausencia; que su obra protocolar no se encontraba encuadernada, y que la referida obra había sido trasladada al hogar de su hija sin previa autorización de la ODIN.  Igualmente, señaló que le orientó al notario sobre el proceso de cesación voluntaria de la notaría.

Posteriormente, a pesar de haber sido instruido para entregar la totalidad de su obra protocolar, el letrado hizo una entrega parcial de la misma.[1]  Tras culminar el proceso de examen, el 21 de septiembre de 2021, la Inspectora le entregó al notario la obra protocolar y un informe sobre los señalamientos preliminares.  Luego, como parte del proceso de reinspección, la Inspectora aprobó el tomo del Protocolo del año natural 2018 y aprobó con deficiencias el Décimo Volumen del Libro de Registro de Testimonios.  De esta forma, la Inspectora le entregó la obra examinada al licenciado

---

[1]     En particular, la obra protocolar entregada constaba de los tomos formados en los años naturales 2014 al 2019, así como el Décimo Volumen del Libro de Registro de Testimonios.  Véase *Moción urgente solicitando incautación de obra notarial y otros remedios* presentada por la Oficina de Inspección de Notarías (ODIN), pág. 2.

Malavé León para que encaminara el proceso final de subsanación de su obra protocolar.

Finalmente, después de concluir la segunda reinspección, la Inspectora detectó varias deficiencias que fueron consignadas en un informe sobre el estado de aprobación de la obra del notario. Entre las deficiencias señaladas se encuentran las siguientes: informar que no había autorizado obra protocolar en el año natural 2021, cuando surge de los Informes de Actividad Notarial Mensuales rendidos que al menos autorizó dos (2) instrumentos públicos en dicho periodo; la existencia de dos (2) instrumentos públicos que debían ser ratificados por no haber sido suscritos por las partes otorgantes; la ausencia de advertencias legales requeridas, y una deficiencia arancelaria de $30, entre otros. El letrado no compareció para reaccionar a los señalamientos, a pesar de las múltiples oportunidades concedidas por la ODIN.

Por consiguiente, el 31 de enero de 2023, emitimos una *Resolución* mediante la cual ordenamos preventivamente la incautación inmediata de la obra y el sello notarial del licenciado Malavé León. Asimismo, le concedimos un término de diez (10) días para que mostrara causa por la cual no debía ser suspendido de la práctica de la notaría por su reiterado incumplimiento con los requerimientos de la ODIN. Por último, le apercibimos al letrado que, de no comparecer en dicho término, se expondría a la imposición de sanciones

disciplinarias severas, incluyendo la separación de la abogacía y la notaría.

En cumplimiento con lo anterior, el 10 de febrero de 2023, el letrado compareció ante nos mediante una moción informativa. En síntesis, alegó que el proceso de inspección se estaba llevando a cabo y entonces su salud se vio afectada entre noviembre y diciembre de 2022. El notario sostuvo que, contrario a la información ofrecida por la ODIN, éste no había cerrado su oficina y que su sede notarial siempre estuvo ubicada en la dirección provista. Igualmente, expuso que su obra notarial se encontraba debidamente encuadernada hasta el 2021; que había cumplido con todos los índices mensuales y los informes anuales hasta el presente; que se encontraba en comunicación con los otorgantes requeridos para subsanar los dos (2) instrumentos públicos que requerían ratificación, y que tenía su fianza notarial al día. En cuanto a la deficiencia arancelaria señalada por la ODIN, el letrado aseveró que ya había adquirido el arancel correspondiente para su entrega.

Así las cosas, el 16 de febrero de 2023 emitimos una *Resolución* mediante la cual le concedimos a la ODIN un término de veinte (20) días para que se expresara sobre la moción informativa presentada por el licenciado Malavé León. Posteriormente, la ODIN presentó su *Moción en cumplimiento de orden y reiterando solicitud* el 7 de marzo de 2023. La ODIN expresó que cuando el Alguacil Auxiliar de este Tribunal acudió a la residencia del notario el 1 de febrero

de 2023, este último entregó los tomos del Protocolo formados en los años naturales 2001 al 2005; 2014 al 2021 y diez (10) volúmenes del Libro de Registro de Testimonios. También expuso que, en dicha visita, el licenciado Malavé León indicó que esa era la única obra protocolar que había autorizado.

En consecuencia, la ODIN reiteró su recomendación de proceder con la suspensión del licenciado Malavé León del notariado debido a su displicencia y desidia durante el proceso de subsanación de su obra protocolar; su renuencia a entregar aquella parte de la obra que no había podido ser examinada; su incumplimiento en responder los requerimientos de la ODIN, así como aquellos que infringen otros aspectos requeridos por la Ley Notarial y su Reglamento para ejercer la notaría de forma responsable, cabal e intachable. Además, la ODIN solicitó que se ordenara al notario a entregar de inmediato la obra protocolar no incautada por el Alguacil el 1 de febrero de 2023 y a encaminar el proceso de subsanación de la obra protocolar previamente incautada que ya había sido examinada.

Así, mediante una *Resolución* del 14 de marzo de 2023, le concedimos al licenciado Malavé León un término de diez (10) días para que se expresara en torno a la *Moción en cumplimiento de orden y reiterando solicitud* presentada por la ODIN y entregara de forma inmediata la obra protocolar que el Alguacil de este Tribunal no pudo incautar el 1 de febrero de 2023. En particular, ordenamos al letrado a que

se expresara en cuanto a la obra protocolar formada en los años naturales 1987 al 1994, 1999 al 2000 y 2006 al 2013, así como los instrumentos públicos que pudiera haber autorizado en el año natural 1998. Además, puntualizamos que en ese mismo término debía notificar a este Foro el estatus del proceso de subsanación de la obra protocolar previamente incautada que ya había sido examinada. También se le apercibió que, de no comparecer en dicho término, se expondría a la imposición de sanciones disciplinarias severas, incluyendo la separación de la abogacía y la notaría.

El 29 de marzo de 2023, la ODIN presentó una *Moción notificando incumplimiento de orden y en solicitud de remedios*. Allí la ODIN manifestó que el término concedido al notario venció sin que éste cumpliera con lo ordenado. Además, expresó: (1) que el licenciado Malavé León aún no había entregado a la ODIN la obra protocolar no incautada formada en los años naturales 1987 al 1994, 1999 al 2000 y 2006 al 2013, así como los instrumentos públicos que pudiera haber autorizado en el año natural 1998, y (2) que no había encaminado trámite alguno para completar el proceso de subsanación de la obra protocolar examinada que sí pudo ser incautada y que permanece depositada en el Archivo Notarial del Distrito Notarial de San Juan.

Por tal razón, la ODIN solicitó que se tomara conocimiento del incumplimiento del letrado; de que no ha entregado la obra protocolar no incautada a la ODIN y de que

no ha cumplido con el proceso de subsanación de la obra protocolar en custodia del Archivo Notarial del Distrito Notarial de San Juan. Además, solicitó que se decretara la separación inmediata e indefinida del ejercicio de la notaría del licenciado Malavé León; se determinara si procedía su suspensión inmediata e indefinida del ejercicio de la abogacía, y se refiera el asunto a la atención de la Jueza Administradora del Tribunal de Primera Instancia, Sala de San Juan, para encaminar la celebración del correspondiente proceso de desacato civil.

Al día siguiente, el letrado presentó su réplica a la moción presentada por la ODIN. En particular, el notario objetó nuevamente la relación de hechos expuesta por la ODIN. Además, señaló que el proceso de inspección se estaba llevando a cabo y que acudió a las reuniones establecidas por la Inspectora. Añadió que también estuvo en comunicación con los otorgantes requeridos para subsanar los dos (2) instrumentos públicos que necesitaban ratificación y reiteró que adquirió el arancel de $30 para satisfacer la deficiencia señalada. Por último, solicitó que se le permitiera continuar con la corrección de las deficiencias de su obra protocolar y se le brindara el acomodo razonable, así como el debido proceso de ley que le ampara.

Así las cosas, procedemos a disponer del proceso disciplinario ante nuestra consideración.

## II

En el ejercicio de nuestra facultad disciplinaria, este Tribunal tiene la obligación de promover que los miembros de la profesión legal realicen sus funciones de manera responsable, competente y diligente. *In re* Rodríguez Olmeda, 2022 TSPR 29, 208 DPR Ap. (2022); *In re* Venegas Martínez, 206 DPR 548, 556 (2021); *In re* Rosa Rivera, 205 DPR 715, 720 (2020).

El Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, dispone que todos los miembros de la profesión legal "debe[n] observar para con los tribunales una conducta que se caracterice por el mayor respeto". Véanse: *In re* Venegas Martínez, *supra*, pág. 557; *In re* Rosa Rivera, *supra*, pág. 721. En conformidad con ese mandato, hemos reiterado que los integrantes de la profesión legal tienen el deber de cumplir pronta y diligentemente todos nuestros requerimientos y órdenes, pues su desatención constituye un serio desafío a nuestra autoridad. *In re* Meléndez Mulero, 208 DPR 541, 550 (2022); *In re* Venegas Martínez, *supra*; *In re* Rosa Rivera, *supra*.

En consonancia con lo expuesto, hemos manifestado que ese deber se extiende a los requerimientos y exigencias de la ODIN. *In re* Venegas Martínez, *supra*; *In re* Rosa Rivera, *supra*. Esto se debe a que, como hemos mencionado, los requerimientos de la ODIN son análogos a las órdenes de este Tribunal. *In re* Guzmán, 205 DPR 1108, 1113 (2020). En este aspecto, asumir una actitud de menosprecio e indiferencia

ante los requerimientos de nuestros organismos constituye una violación del Canon 9 del Código de Ética Profesional, *supra*. Véanse: *In re* Plaza Acevedo, 203 DPR 632, 643 (2019); *In re* Colón Collazo, 196 DPR 239, 242 (2016).

Como es conocido, los notarios no pueden asumir una actitud pasiva y esperar a que la ODIN los contacte para corroborar que las deficiencias señaladas fueron corregidas de manera adecuada. *In re* Malavé Haddock, 206 DPR 238, 246 (2021); *In re* Rivera Medina, 203 DPR 311, 321 (2019); *In re* Vargas Díaz, 198 DPR 149, 153 (2017). En cambio, cuando se identifican faltas en su obra notarial, los notarios tienen que coordinar con la ODIN las reuniones necesarias para completar el proceso de subsanación. *In re* Guzmán, *supra*, pág. 1113. Así pues, cuando los profesionales de la notaría ignoran los señalamientos de faltas y su corrección, éstos menoscaban el ejercicio del deber fiscalizador de la ODIN y transgreden su deber de respeto hacia los requerimientos de esta entidad. Íd., pág. 1114.

### III

Como podemos ver, el licenciado Malavé León no ha respondido a los requerimientos de la ODIN y las órdenes de este Tribunal. En definitiva, la información brindada sobre los trámites efectuados, si alguno, para subsanar la obra protocolar incautada es sumamente vaga e imprecisa. El notario tampoco ha entregado la obra protocolar que el Alguacil de este Tribunal no pudo incautar el 1 de febrero

de 2023. Particularmente, nada ha dicho sobre la obra protocolar no incautada formada en los años naturales 1987 al 1994, 1999 al 2000 y 2006 al 2013, así como los instrumentos públicos que pudiera haber autorizado en el año natural 1998, tal y como se le ordenó mediante nuestra *Resolución* del 14 de marzo de 2023. Por último, respecto a la deuda arancelaria señalada, éste se ha limitado a exponer -desde el 10 de febrero de 2023- que ya adquirió el arancel de $30 para su entrega, pero aún no ha subsanado la mencionada deficiencia.

No albergamos duda de que el letrado ha incurrido en un patrón de conducta que atenta contra sus deberes como abogado y notario. La desidia, dejadez y falta de diligencia que el notario ha manifestado ante los requerimientos de la ODIN y las órdenes de este Tribunal demuestran una actitud de total menosprecio a nuestra autoridad. El referido patrón de incumplimiento incurrido por el licenciado Malavé León, a pesar de las múltiples oportunidades que tuvo, constituye una trasgresión a lo preceptuado en el Canon 9 del Código de Ética Profesional, *supra*. Por lo tanto, procede decretar su suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría. Asimismo, se le refiere a un procedimiento de desacato ante el Tribunal de Primera Instancia, Sala Superior de San Juan, por su incumplimiento con lo ordenado en nuestra *Resolución* del 14 de marzo de 2023.

**IV**

En vista de los fundamentos expuestos, decretamos la suspensión inmediata e indefinida del licenciado Malavé León del ejercicio de la abogacía y la notaría. Por consiguiente, se ordena el archivo administrativo de la Queja AB-2022-0225 hasta tanto dispongamos otra cosa.

El señor Malavé León deberá notificar a todos sus clientes sobre su inhabilidad para continuar representándoles o prestar los servicios notariales contratados y devolverles tanto los expedientes como los honorarios recibidos por trabajos no realizados. De igual manera, tendrá que informar de su suspensión a cualquier agencia, entidad, foro judicial o administrativo en el que tenga algún asunto pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes le notificó de su suspensión, dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar que no se le reinstale a la práctica de la profesión legal, de solicitarlo en el futuro.

Además, en virtud de la suspensión inmediata e indefinida del ejercicio de la notaría, la fianza que garantiza las funciones notariales del señor Malavé León queda automáticamente cancelada. Esta fianza se considerará buena y válida por tres (3) años después de su terminación,

en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Finalmente, se refiere al señor Malavé León a un proceso de desacato civil ante el Tribunal de Primera Instancia, Sala Superior de San Juan, por su incumplimiento con lo ordenado en nuestra *Resolución* del 14 de marzo de 2023 y se le apercibe que de no subsanar la deuda arancelaria podría ser referido al Departamento de Justicia para el trámite correspondiente.

Se dictará Sentencia en conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Jesús M. Malavé León                    TS-7654        Conducta
                                                       Profesional

SENTENCIA

En San Juan, Puerto Rico, a 27 de abril de 2023.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, decretamos la suspensión inmediata e indefinida del Lcdo. Jesús M. Malavé León del ejercicio de la abogacía y la notaría. Por consiguiente, se ordena el archivo administrativo de la Queja AB-2022-0225 hasta tanto dispongamos otra cosa.

El señor Malavé León deberá notificar a todos sus clientes sobre su inhabilidad para continuar representándoles o prestar los servicios notariales contratados y devolverles tanto los expedientes como los honorarios recibidos por trabajos no realizados. De igual manera, tendrá que informar de su suspensión a cualquier agencia, entidad, foro judicial o administrativo en el que tenga algún asunto pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes le notificó de su suspensión, dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar que no se le reinstale a la práctica de la profesión legal, de solicitarlo en el futuro.

Además, en virtud de la suspensión inmediata e indefinida del ejercicio de la notaría, la fianza que garantiza las funciones notariales del señor Malavé León queda automáticamente cancelada. Esta fianza se considerará buena y válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Finalmente, se refiere al señor Malavé León a un proceso de desacato civil ante el Tribunal de Primera Instancia, Sala Superior de San Juan, por su incumplimiento con lo ordenado en nuestra *Resolución* del 14 de marzo de 2023 y se le apercibe que de no subsanar la deuda arancelaria podría ser referido al Departamento de Justicia para el trámite correspondiente.

Notifíquese.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Kolthoff Caraballo está inhibido.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo