EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| | 2023 TSPR 85 |
| Gloria E. Marrero Martínez | 212 DPR ___ |
| | |

Número del Caso:  TS-10,702


Fecha:  30 de junio de 2023


Oficina de Inspección de Notarías:

    Lcdo. Manuel E. Ávila De Jesús
    Director


Abogada de Gloria E. Marrero Martínez:

    Por derecho propio



Materia: Conducta Profesional – Suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría por no mantener al día sus datos personales en el Registro Único de Abogados y por reiterado incumplimiento con los requerimientos de la Oficina de Inspección de Notarías y las órdenes del Tribunal.


Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |  |
|---|---|---|
| In re:<br><br>Gloria E. Marrero Martínez | TS-10,702 |  |

PER CURIAM

En San Juan, Puerto Rico, a 30 de junio de 2023.

Una vez más, nos vemos obligados a ejercer nuestro poder disciplinario para suspender del ejercicio de la abogacía y la notaría a una abogada que no mantuvo al día sus datos personales en el Registro Único de Abogados y Abogadas (RUA). Además, por su reiterado incumplimiento con los requerimientos de la Oficina de Inspección de Notarías (ODIN) y con las órdenes de este Tribunal.

En consideración de la conducta que reseñamos a continuación, suspendemos inmediata e indefinidamente a la Lcda. Gloria E. Marrero Martínez (licenciada Marrero Martínez o letrada) del ejercicio de la abogacía y la notaría.

**I**

La licenciada Marrero Martínez fue admitida al ejercicio de la abogacía el 4 de enero de 1994 y a la práctica de la notaría el 4 de abril de 2005.

El pasado 25 de enero de 2023, el Lcdo. Manuel E. Ávila de Jesús, Director de la ODIN, presentó ante este Tribunal una Moción urgente solicitando incautación de obra notarial y otros remedios relacionada con la licenciada Marrero Martínez. En esta, nos informó que el 28 de septiembre de 2022 recibió una comunicación suscrita por un abogado que intentó sin éxito comunicarse por diversos medios con la letrada con el propósito de obtener una copia certificada de un testamento abierto. Por tal razón, el abogado en cuestión, en representación de su cliente, solicitó a la ODIN que interviniera en la obtención del documento antes aludido de modo que pudiese hacerse valer la voluntad del testador.

En respuesta a la carta dirigida a la ODIN, la licenciada Marrero Martínez respondió por correo electrónico lo siguiente: "Recibí esta carta[. N]o estoy en Puerto Rico ahora. Lo anunciaré cuando llegue".[1]

Como parte del proceso, la ODIN realizó variados esfuerzos encaminados a comunicarse con la licenciada Marrero Martínez. Entre estos, el 12 de octubre de 2022, llamó a la letrada y, tras no poder contactarla, le cursó un correo electrónico a la dirección registrada en el RUA requiriéndole que se comunicara para discutir la situación

---

[1] Moción urgente solicitando incautación de obra notarial y otros remedios, Anejo II.

e indagar los pormenores de su ausencia de la jurisdicción de Puerto Rico sin haber designado un notario sustituto.

En conversación con la ODIN, la licenciada Marrero Martínez admitió estar fuera de Puerto Rico desde el inicio de la pandemia del COVID-19 sin haber nombrado un notario sustituto. Asimismo, afirmó que su obra protocolar se encontraba localizada en su oficina en San Juan, que desconocía el estado de esta y que no contaba con una persona de confianza para hacer entrega de la obra. A esos fines, la ODIN y la licenciada Marrero Martínez acordaron como fecha de entrega de la obra notarial el 14 de noviembre de 2022 y la cesación voluntaria de esta última de la notaría. Sin embargo, por razones atribuibles exclusivamente a la letrada, la fecha para la entrega de la obra notarial y el comienzo del proceso de cesación voluntaria de la notaría se aplazó en múltiples ocasiones. Veamos.

El 10 de noviembre, la licenciada Marrero Martínez peticionó una primera extensión hasta el 21 de noviembre porque, alegadamente, el vuelo programado para trasladarse de Florida a Puerto Rico fue cancelado. Luego, solicitó una segunda extensión, hasta el 30 de noviembre, ya que, presuntamente, recibiría una visita de FEMA. El 29 de noviembre, suplicó una tercera extensión debido a una supuesta situación con un inquilino en la propiedad en la cual reside. Dado lo anterior, el 1 de diciembre, la ODIN

le comunicó que, de no recibir la obra protocolar al 8 de diciembre, presentaría un informe sobre la situación ante este Tribunal.

Así las cosas, el 8 de diciembre, la licenciada Marrero Martínez informó a la ODIN que sufrió un percance de salud como consecuencia de esta última advertencia, por lo que rogó, por cuarta ocasión, una extensión hasta el 21 de diciembre. No obstante, el 20 de diciembre, la letrada comunicó que, por la situación de salud en que se encontraba, no podría viajar hasta tres (3) semanas después de una revisión médica para la cual no proveyó fecha cierta.

Es dentro de ese contexto que la ODIN presentó su <u>Moción urgente solicitando incautación de obra notarial y otros remedios</u>. En ella, destacó que, en ninguna de las ocasiones antes descritas, la licenciada Marrero Martínez proveyó evidencia que justificara su proceder. Resaltó que la reiterada renuencia y dilación excesiva de hacer entrega de la obra protocolar, la cual se encontraba sin custodio, demuestran que esta no se encuentra apta para ejercer la función notarial. Asimismo, enfatizó que ello se agrava ante el hecho de que la letrada no ha presentado ciertos Informes Estadísticos de Actividad Notarial y dado que, por razones atribuibles únicamente a la licenciada Marrero Martínez, ciertos procesos hereditarios se encuentran detenidos.

Como consecuencia de la comparecencia de la ODIN, el 6 de febrero de 2023 emitimos una Resolución mediante la cual le concedimos diez (10) días a la licenciada Marrero Martínez para que mostrara causa por la cual no debíamos suspenderla del ejercicio de la notaría por su incumplimiento reiterado con los requerimientos de la ODIN y, además, le ordenamos que presentara los Informes Estadísticos de Actividad Notarial adeudados. Igualmente, le advertimos que su incumplimiento podía conllevar sanciones más severas que podían escalar hasta su suspensión de la abogacía. Por último, ordenamos la incautación preventiva de la obra protocolar y del sello notarial.

En respuesta, la licenciada Marrero Martínez compareció mediante una Contestación a moción urgente. A través de esta, repitió las razones por las cuales alegadamente ha estado impedida de regresar a la Isla y expresó que los informes notariales solicitados son negativos. Además, expuso que se reservaba la evidencia que justifica la dilación excesiva en el cumplimiento con la obligación de hacer entrega de su obra notarial. Asimismo, abundó en lo arduo que se le ha hecho reconocer que sus padecimientos de salud le impiden desempeñarse eficientemente en ciertos aspectos de su vida. Finalmente, solicitó que se le permitiera cesar voluntariamente la práctica de la abogacía y la notaría.

El 5 de abril de 2023, emitimos una <u>Resolución</u> mediante la cual le concedimos a la ODIN un término de veinte (20) días para que se expresara sobre la comparecencia de la licenciada Marrero Martínez y, a su vez, nos informara sobre el estado de la obra protocolar incautada.

En vista de lo anterior, la ODIN compareció oportunamente ante nos mediante una <u>Moción en cumplimiento de orden e informe sobre el estado de la obra notarial incautada</u>. En su escrito, detalló que la obra protocolar de la licenciada Marrero Martínez consiste de instrumentos públicos sueltos sin encuadernar y un volumen del Libro de Registro de Testimonios, ambos con una multiplicidad de faltas graves sustantivas y arancelarias en contravención a la Ley Notarial de Puerto Rico y al Reglamento Notarial de Puerto Rico.[2]

---

[2] Según se desprende del informe realizado por la Inspectora de Protocolos y Notarías, al evaluar la obra notarial de la licenciada Marrero Martínez se encontró lo siguiente: **(1)** protocolos sin encuadernar y sin notas de apertura y de cierre; **(2)** falta de notas de saca en los instrumentos públicos; **(3)** insuficiencia de antecedentes registrales del negocio jurídico y en las circunstancias personales de las partes otorgantes; **(4)** carencia de advertencias legales requeridas en los negocios celebrados; **(5)** omisión de iniciales de otorgantes en varios instrumentos realizados; **(6)** supresión de partes otorgantes en varios negocios jurídicos; en la alternativa, aclarar por qué no comparecieron; **(7)** ausencia de acreditar las facultades representativas de las partes comparecientes; **(8)** olvido de expresar dación de fe y lectura en voz alta en testamentos abiertos en los cuales comparecieron testigos instrumentales; **(9)** inadvertencia de dación de fe de unidad de acto en varios testamentos abiertos con testigos instrumentales; **(10)** exclusión de número de catastro en

Por otra parte, al evaluar el escrito presentado por la licenciada Marrero Martínez, la ODIN reafirmó la desidia mostrada por la letrada para atender los requerimientos cursados y cooperar con el proceso de examen de su obra protocolar. Así, pues, se opuso al cese voluntario por entender que la letrada debía asumir responsabilidad por la falta de diligencia en los eventos que motivaron la incautación de su obra protocolar. Además, la ODIN afianzó que las situaciones personales esgrimidas no justificaban el incumplir con sus deberes y desatender los requerimientos cursados, en contravención de los Cánones 9 y 18 del Código de Ética Profesional, infra.

Por lo cual, la ODIN nos solicitó que: (1) acojamos su recomendación de suspender inmediata e indefinidamente del ejercicio de la notaría a la licenciada Marrero

---

casos de compraventa; **(11)** ausencia de notas marginales de contrarreferencia; **(12)** otorgación de un instrumento público de un bien inmueble sito en República Dominicana, sin estar autorizada para ello, y **(13)** una deuda arancelaria preliminarmente estimada en $2,194.50.

Por otro lado, al revisar el Libro de Registro de Testimonios, la Inspectora determinó que la licenciada Marrero Martínez cometió las fallas adicionales siguientes: **(14)** omisiones del sello notarial; **(15)** ausencia de dación de fe de conocimiento o medio de identificación de otorgantes; **(16)** falta de entrega del volumen segundo de su Libro de Registro de Testimonios (asientos número 2033 al 2560, inclusive), y **(17)** deuda arancelaria preliminarmente estimada en $8,037.00.

**Por último, la licenciada Marrero Martínez adeuda un total de cincuenta y seis (56) Informes Mensuales sobre Actividad Notarial y cinco (5) Informes Estadísticos Anuales de Actividad Notarial.**

Martínez; (2) tomemos conocimiento sobre el estado de la obra notarial incautada; (3) confiramos a la licenciada Marrero Martínez un término de sesenta (60) días calendario para la contratación de un notario que le asista en el proceso de subsanación de la obra protocolar; (4) evaluemos la imposición de cualquier otra medida disciplinaria, y (5) emitamos cualquier otro pronunciamiento que en Derecho proceda.

A la luz del cuadro fáctico reseñado, y en consideración de que a la fecha de esta Opinión Per Curiam la licenciada Marrero Martínez no ha cumplido con los requerimientos de la ODIN, procedemos a sancionarla conforme al estado de Derecho que examinamos a continuación.

## II

### A.

Como es conocido, la Regla 9(j) del Reglamento de este Tribunal le impone a la clase togada la obligación de mantener actualizados sus datos personales —incluyendo las direcciones— y realizar cualquier modificación que sea necesaria en el RUA. Véase, Regla 9(j) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B.

El fiel cumplimiento con esta disposición reglamentaria salvaguarda el ejercicio eficaz de nuestro deber de velar que los miembros de la profesión cumplan con sus deberes ético-profesionales, de manera que atiendan con

diligencia y prontitud las comunicaciones que se le remiten. Véase, In re Corretjer Roses, 2022 TSPR 28, en la pág. 2 (citando a In re Padial Santiago, 2019 TSPR 221; In re Pratts Barbarossa, 199 DPR 594 (2018); In re López Méndez, 196 DPR 956, 962 (2016)). Por tanto, un miembro de la profesión legal entorpece el ejercicio de nuestra jurisdicción disciplinaria cuando incumple con su deber de mantener al día sus datos en el RUA, siendo ello fundamento suficiente e independiente para decretar su separación inmediata del ejercicio de la abogacía. In re Corretjer Roses, supra.

**B.**

Por otro lado, toda abogada o abogado notario tiene la obligación de cumplir cabalmente con la Ley Notarial de Puerto Rico, Ley Núm. 75 de 2 de julio de 1987, 4 LPRA sec. 2001 et seq., el Reglamento Notarial de Puerto Rico, 4 LPRA Ap. XXIV, el Código de Ética Profesional, 4 LPRA Ap. IX, y con toda norma o reglamento concerniente a los deberes que deben observar los profesionales del Derecho que ejercen como notarios. In re Alomar Santiago, 2023 TSPR 16 (2023).

Particularmente, el Canon 9 del Código de Ética Profesional, supra, exige que todos los miembros de la profesión "observ[en] para con los tribunales una conducta que se caracterice por el mayor respeto". De acuerdo con este mandato, consecuentemente hemos reiterado que las abogadas y los abogados tienen el "deber de cumplir pronta

y diligentemente todos nuestros requerimientos y órdenes, pues su desatención constituye un serio desafío a nuestra autoridad". In re Malavé León, 2023 TSPR 54, en la pág. 4 (citando a In re Meléndez Mulero, 208 DPR 541, 550 (2022); In re Venegas Martínez, 206 DPR 548 (2021); In re Rosa Rivera, 205 DPR 715, 720 (2020)). Ello, máxime cuando tales órdenes o apercibimientos surgen como parte de un procedimiento disciplinario. In re Meléndez Mulero, supra.

Asimismo, hemos expresado que el deber de conducirse con el mayor de los respetos para con los tribunales no se limita solo a las órdenes emitidas por este Tribunal, sino que se extiende a los requerimientos de nuestros brazos operacionales que intervienen en el proceso disciplinario, como lo es la ODIN. In re Alers Morales, 204 DPR 515, 519 (2020). Lo anterior, pues, los requerimientos de la ODIN son análogos a las órdenes emitidas por este Tribunal. In re Malavé León, supra. Por consiguiente, asumir una actitud pasiva o tratar con ligereza sus señalamientos, "menoscab[a] el ejercicio del deber fiscalizador de la ODIN y transgred[e] su deber de respeto hacia los requerimientos de esta entidad". Íd. Véase, además, In re Candelario Lajara I, 197 DPR 722, 726 (2017).

Al respecto, reiteradamente hemos apuntalado que los abogados y las abogadas tienen la obligación de subsanar diligentemente las deficiencias que la ODIN les notifique. In re Franco Rivera, 197 DPR 628, 634 (2017). Le corresponde

a ese profesional del Derecho coordinar con la ODIN las reuniones necesarias en beneficio de la pronta subsanación de las faltas identificadas en su obra notarial. Íd., pág. 635 (citando a In re Vázquez González, 194 DPR 688 (2016); In re García Aguirre, 190 DPR 539 (2014); In re Padilla Santiago, 190 DPR 535 (2014)).

De ahí que cuando una abogada o un abogado incumple reiteradamente con los requerimientos de la ODIN, hemos sido consecuentes en suspenderlo inmediata e indefinidamente de la práctica legal por infringir el Canon 9 de Ética Profesional. In re Meléndez Mulero, supra; In re Canales Pacheco, 200 DPR 228, 233 (2018); In re Torres Román, 195 DPR 882, 890 (2016). Es decir, "el reiterado incumplimiento por parte de los abogados con los deberes encarnados en el Canon 9 es razón suficiente para suspenderlos inmediata e indefinidamente del ejercicio de la abogacía y la notaría". In re Torres Román, supra, págs. 890-891 (citando a In re Borges Lebrón, 179 DPR 1037 (2010); In re López de Victoria Brás, 177 DPR 888 (2010); In re Escalona Colón, 149 DPR 900 (1999); In re Reyes Rovira, 139 DPR 42 (1995).

## C.

Por último, conviene señalar que el Art. 12 de la Ley Notarial de Puerto Rico, 2 LPRA sec. 2023, impone a las y los notarios el deber de remitir a la ODIN un índice sobre sus actividades notariales mensuales. A su vez, el Art. 13-

A de la ley antes citada establece la obligación de remitir a la ODIN el informe estadístico anual de los documentos notariales autorizados en el año precedente. Íd., sec. 2031a.

Por su parte, el Art. 9 de la Ley Notarial de Puerto Rico, 4 LPRA sec. 2013, dispone que las y los notarios podrán nombrar a otra u otro notario para que le sustituya cuando se ausenten de su oficina por cualquier causa que no sea permanente, por un periodo máximo inicial de tres (3) meses, y así deberá notificarlo a la ODIN. Bajo ese escenario, es, pues, la notaria o el notario sustituto la persona responsable de la custodia y conservación de los protocolos de la notaria o el notario sustituido.

Sobre el particular, reiteradamente hemos concluido que el incumplimiento con estos preceptos —a saber, la falta de radicación de los índices e informes notariales, así como omitir nombrar a una notaria o notario sustituto cuando una o un notario se ausente de su oficina— constituye una falta grave a los deberes que se les impone como custodios de la fe pública notarial que conlleva sanciones disciplinarias severas. In re González Soto, 2023 TSPR 29, en la pág. 6 (citando a In re Núñez Vázquez, 197 DPR 506 (2017); In re Cabrera Acosta, 193 DPR 461 (2015); In re Santiago Ortiz, 191 DPR 950 (2014)). Véase, además, In re Navedo Dávila, 203 DPR 300, 308 (2019).

Al amparo de la normativa jurídica expuesta, evaluaremos la conducta exhibida por la licenciada Marrero Martínez.

**III**

En este caso, más allá de fallar en actualizar su información en el RUA tras relocalizar su residencia al estado de la Florida,[3] la licenciada Marrero Martínez también incumplió en múltiples ocasiones con los requerimientos de la ODIN y las órdenes de este Tribunal.

Además, la licenciada Marrero Martínez nunca cooperó con la entrega de una copia certificada del testamento solicitado, lo cual conllevó que ordenáramos la incautación preventiva de la obra protocolar y del sello notarial.

Como agravante, luego de que la ODIN inspeccionara la obra notarial, notamos que la licenciada Marrero Martínez incumplió reiteradamente con la presentación de sus Informes de Actividad Notarial Mensual y Estadísticos Anuales, entre otras faltas severas sustantivas y arancelarias, en contravención a la Ley Notarial de Puerto Rico y al Reglamento Notarial de Puerto Rico.[4] De igual manera, la letrada admitió estar residiendo fuera de la

---

[3]Resaltamos que de una indagación en el RUA se desprende que la letrada no ha actualizado su registro para reflejar su nueva dirección.

[4]Véase, esc. número dos (2) de esta ponencia.

jurisdicción de Puerto Rico desde el inicio de la pandemia del COVID-19 sin haber designado un notario sustituto.

Indiscutiblemente, el cuadro descrito evidencia un incumplimiento voluntario, reiterado y con pleno conocimiento de nuestras órdenes y de los requerimientos de nuestros brazos operacionales por parte de la licenciada Marrero Martínez.[5] Ello constituye una violación al Canon 9 del Código de Ética Profesional, supra, así como una infracción a los Arts. 9, 12 y 13-A de la Ley Notarial de Puerto Rico, supra. Ante tal patrón de desobediencia, nos vemos obligados a suspenderle inmediata e indefinidamente de la práctica de la abogacía y la notaría.

## IV

Por los fundamentos que anteceden, suspendemos inmediata e indefinidamente a la Lcda. Gloria E. Marrero Martínez del ejercicio de la abogacía y la notaría.

En virtud de tal suspensión, le imponemos el deber de, dentro del término de treinta (30) días contado a partir de la notificación de esta Opinión Per Curiam y Sentencia, certificarnos que notificó a todos sus clientes de su incapacidad para continuar con su representación, la

---

[5]Nótese que aun cuando en ocasiones se alegó que el incumplimiento con los requerimientos de la ODIN respondió a padecimientos médicos, esta nunca acreditó de forma alguna su condición de salud. Por tanto, reafirmamos que una alegación de esta naturaleza, sin más, no puede servir como una carta blanca para justificar el obstinado incumplimiento con los requerimientos de la ODIN o las órdenes de este Tribunal. Véase, In re Torres Román, 195 DPR 882, 892-893 (2016).

devolución de los expedientes y los honorarios recibidos por trabajos no rendidos en los casos pendientes, y que informó de su inhabilidad para ejercer la profesión a los foros judiciales y administrativos en los que tenga un caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes le notificó de la suspensión, dentro del término conferido. Se le advierte que hacer caso omiso a lo aquí ordenado pudiera conllevar que no se le reinstale al ejercicio de la abogacía o notaría de solicitarlo en el futuro.

Por otro lado, se le ordena a la señora Marrero Martínez a que, en el término de sesenta (60) días contado a partir de la notificación de esta Opinión Per Curiam y Sentencia, contrate a un notario y complete la subsanación ordenada a su costo. Se le apercibe que su incumplimiento con esta orden conllevará que se le refiera al Tribunal de Primera Instancia para que se inicie un procedimiento de desacato civil en su contra. Como consecuencia de la suspensión de la señora Marrero Martínez del ejercicio de la notaría, disponemos que la fianza que garantiza sus funciones, de haber prestado la misma, queda automáticamente cancelada. La fianza se considerará buena y válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que esta estuvo vigente.

Notifíquese esta Opinión <u>Per Curiam</u> y <u>Sentencia</u> a la Sra. Gloria E. Marrero Martínez mediante correo postal y al correo electrónico registrado en el RUA.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Gloria E. Marrero Martínez          TS-10,702

SENTENCIA

En San Juan, Puerto Rico, a 30 de junio de 2023.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se suspende inmediata e indefinidamente a la Lcda. Gloria E. Marrero Martínez del ejercicio de la abogacía y notaría.

Como consecuencia, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Del mismo modo, se le ordena que devuelva a sus clientes los expedientes de los casos pendientes y cualesquiera honorarios recibidos por trabajos no realizados. Además, se le impone la obligación de informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. Por último, deberá acreditar a este Tribunal el cumplimiento con lo aquí ordenado, dentro del término de **treinta (30) días**, contado a partir de la notificación de esta Opinión Per Curiam y Sentencia. Se le advierte que hacer caso omiso a lo aquí ordenado pudiera conllevar que no se le reinstale al ejercicio de la abogacía o notaría de solicitarlo en el futuro.

Por otro lado, se le ordena a la señora Marrero Martínez a que, en el término de **sesenta (60) días**, contado a partir de la notificación de esta Opinión Per Curiam y Sentencia, contrate a un notario y complete la subsanación ordenada a su costo. Se le apercibe que su incumplimiento con esta orden conllevará que se le refiera al Tribunal de Primera Instancia para que se inicie un procedimiento de desacato civil en su contra. Además, en virtud de esta suspensión inmediata e indefinida del ejercicio de la notaría, la fianza que garantiza las funciones notariales, de haber prestado la misma, queda automáticamente cancelada. Asimismo, la fianza se considerará buena y válida por tres años después de su

terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Notifíquese esta Opinión <u>Per Curiam</u> y Sentencia a la Sra. Gloria E. Marrero Martínez mediante correo postal y al correo electrónico registrado en el RUA.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo