EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| | 2023 TSPR 99 |
| David W. Román Rodríguez | 212 DPR ___ |

Número del Caso:  TS-6,321

Fecha:  9 de agosto de 2023

Oficina de Inspección de Notarías:

    Lcdo. Manuel E. Ávila De Jesús
    Director

Materia: Conducta Profesional – Suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría por el incumplimiento reiterado con los requerimientos de la Oficina de Inspección de Notarías y las órdenes del Tribunal Supremo.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| In re:<br><br>David W. Román Rodríguez | TS-6,321 | |

PER CURIAM

En San Juan, Puerto Rico, a 9 de agosto de 2023.

En esta ocasión, este Tribunal se ve obligado a ejercer su rol disciplinario sobre la profesión, una vez más, debido a los incumplimientos reiterados de un letrado con los requerimientos de la Oficina de Inspección de Notarías (ODIN) y las órdenes de este Tribunal.

Tomando en consideración la desidia desplegada por el Lcdo. David W. Román Rodríguez (licenciado Román Rodríguez), la cual reseñaremos a continuación, le suspendemos inmediata e indefinidamente del ejercicio de la abogacía y la notaría.

I

El licenciado Román Rodríguez fue admitido al ejercicio de la abogacía el 20 de abril de 1979 y, subsecuentemente, a la práctica de la notaría el 18 de mayo de ese mismo año.[1]

---

[1]Es necesario señalar que, en octubre del año siguiente, este renunció voluntariamente a sus funciones notariales por razón de su traslado al estado de Georgia. Su renuncia fue aceptada por este Tribunal el 6 de octubre de 1980. Posteriormente, en el 1988, el letrado peticionó su

El 10 de febrero de 1999, este Tribunal emitió una Opinión <u>Per Curiam</u>. Mediante esta, suspendimos al licenciado Román Rodríguez del ejercicio de la profesión por desatender nuestras órdenes y los requerimientos del Colegio de Abogados.[2] Posteriormente, decretamos su reinstalación a la profesión, mas no a la notaría, el 18 de febrero de 2000. Sin embargo, el 14 de noviembre de 2000, nos vimos obligados a suspenderlo de la abogacía por segunda ocasión por un periodo de seis (6) meses. En esa ocasión, su suspensión se debió a varios señalamientos éticos relacionados con su falta de responsabilidad, diligencia y competencia en la tramitación de varios casos civiles de sus clientes.[3]

Así las cosas, transcurrido el término de su suspensión, este solicitó su reinstalación a la profesión, la cual concedimos el 15 de junio de 2001. El 30 de junio de 2004, el licenciado Román Rodríguez entonces peticionó la reinstalación al ejercicio de la notaría. Este Tribunal accedió a lo solicitado el 3 de diciembre de 2004.[4]

Ahora bien, el 15 de junio de 2023, este Tribunal recibió un <u>Informe especial sobre incumplimiento en el</u>

---

reactivación en la notaría y así la concedimos el 7 de febrero de 1989.

[2]Véase, <u>In re David W. Román Rodríguez</u>, 147 DPR 479 (1999).

[3]Véase, <u>In re David W. Román Rodríguez</u>, 152 DPR 520 (2000).

[4]Véase, <u>In re David W. Román Rodríguez</u>, 163 DPR 432 (2004).

proceso ordinario de examen de obra protocolar y en solicitud de remedios por parte del Director de la ODIN. En este, relató que, el 21 de octubre de 2022, la ODIN cursó una comunicación al licenciado Román Rodríguez para informarle que se celebraría una reunión el 7 de diciembre de 2022 con el propósito de iniciar el proceso de inspección ordinaria de su obra protocolar a partir del 2004. Llegado el día de la reunión, el letrado se comunicó para notificar que no podría asistir por haber contraído COVID-19. En consecuencia, la reunión se reprogramó para el 10 de enero de 2023. Mas, la ODIN indicó que, el licenciado Román Rodríguez tampoco compareció a la segunda reunión acordada, ni proveyó razones para su ausencia, por lo que intentó comunicarse con este sin éxito en varias ocasiones para coordinar la reunión en otra fecha. Señaló que, el 1 de febrero de 2023, le cursó una nueva comunicación calendarizando una tercera y última fecha de reunión para el 10 de febrero de 2023, misiva que el letrado no respondió y reunión a la cual, eventualmente, tampoco asistió sin expresar motivo alguno.

En consecuencia, la ODIN solicitó que, toda vez que el licenciado Román Rodríguez había hecho caso omiso a sus requerimientos, este tiene su sede notarial en una urbanización con control de acceso que había imposibilitado una visita física y que la obra no había sido examinada desde el 2004, ordenáramos la incautación de la obra protocolar y el sello notarial del letrado. A esto añadió que le

concediéramos al licenciado Román Rodríguez un término de diez (10) días para que explicara las razones por la que no debíamos proceder con su suspensión de la notaría, además de cualquier otra medida disciplinaria aplicable.[5]

Acogida la recomendación de la ODIN, este Tribunal emitió una Resolución a tales fines el 21 de junio de 2023. Mediante esta, ordenamos, en primer lugar, la incautación de la obra protocolar y el sello notarial del licenciado Román Rodríguez. En segundo lugar, concedimos al letrado un término final e improrrogable de diez (10) días para que mostrara causa por la cual no debía ser suspendido de la práctica de la notaría por sus incumplimientos reiterados con los requerimientos de la ODIN. Por último, le apercibimos que, de incumplir nuevamente con lo ordenado por este Tribunal, procederíamos a sancionarlo con la suspensión del ejercicio de la abogacía.

A la luz del cuadro fáctico antes reseñado, y en consideración al hecho de que, transcurrido en exceso el término concedido, a la fecha de esta Opinión Per Curiam el licenciado Román Rodríguez aún no ha cumplido con los requerimientos de la ODIN ni con las órdenes de este

---

[5]El Informe antes citado estuvo acompañado de las comunicaciones electrónicas que la ODIN cursó al licenciado Román Rodríguez y un Informe de la falta de interés e inacción demostrada por el licenciado David W. Román Rodríguez, Notario Número 6321, para cumplir con los requerimientos de la Inspectora de Protocolos y Notarías suscribiente y obstaculizar el proceso de inspección (Regla 77(n) RN).

Tribunal,[6] procedemos a sancionarle conforme al estado de Derecho que examinaremos a continuación.

## II

Conforme lo ha reiterado este Tribunal en innumerables ocasiones, toda abogada y abogado notario tiene la obligación de cumplir cabalmente con la Ley Notarial de Puerto Rico, Ley Núm. 75 de 2 de julio de 1987, 4 LPRA sec. 2001 et seq., el Reglamento Notarial de Puerto Rico, 4 LPRA Ap. XXIV, el Código de Ética Profesional, 4 LPRA Ap. IX, y toda norma o reglamento relacionado con los deberes del ejercicio notarial. In re Alomar Santiago, 2023 TSPR 16 (2023).

En específico a la situación en cuestión, el Canon 9 del Código de Ética Profesional, supra, exige que todos los miembros de la profesión "observ[en] para con los tribunales una conducta que se caracterice por el mayor respeto". De acuerdo con este mandato, las abogadas y los abogados tienen el "deber de cumplir pronta y diligentemente todos nuestros requerimientos y órdenes, pues su desatención constituye un desafío a nuestra autoridad". In re Malavé León, 2023 TSPR 54, en la pág. 4 (citando a In re Meléndez Mulero, 208 DPR 541, 550 (2022); In re Venegas Martínez, 206 DPR 548 (2021); In re Rosa Rivera, 205 DPR 715, 720 (2020)). Ello, máxime, cuando tales órdenes o apercibimientos surgen como

---

[6]El 1 de agosto de 2023, este Tribunal recibió una Moción notificando incumplimiento de orden suscrita por el Director de la ODIN en la cual señaló el transcurso del término concedido sin la comparecencia del licenciado Román Rodríguez. Asimismo, solicitó que le suspendiéramos de forma inmediata e indefinida de la notaría.

parte de un procedimiento disciplinario. In re Meléndez Mulero, supra.

De la misma forma, hemos establecido que el deber de conducirse con el mayor de los respetos para con los tribunales no se limita solo a las órdenes emitidas por este Tribunal, sino que se extiende a los requerimientos de nuestros brazos operacionales que intervienen en el proceso disciplinario, como lo es la ODIN. In re Alers Morales, 204 DPR 515, 519 (2020). Esto, pues, los requerimientos de la ODIN son análogos a las órdenes que emite este Tribunal. In re Malavé León, supra. Por consiguiente, asumir una actitud pasiva o tratar con ligereza sus señalamientos, "menoscab[a] el ejercicio del deber fiscalizador de la ODIN y transgred[e] su deber de respeto hacia los requerimientos de esta entidad". Íd. Véase, además, In re Candelario Lajara I, 197 DPR 722, 726 (2017).

Por tales razones, cuando una abogada o un abogado incumple reiteradamente con los requerimientos de la ODIN, hemos sido consecuentes en suspenderle inmediata e indefinidamente de la práctica legal por infringir el Canon 9 de Ética Profesional, supra. In re Meléndez Mulero, supra; In re Canales Pacheco, 200 DPR 228, 233 (2018); In re Torres Román, 195 DPR 882, 890 (2016). Es decir, "el reiterado incumplimiento por parte de los abogados con los deberes encarnados en el Canon 9 es razón suficiente para suspenderlos inmediata e indefinidamente del ejercicio de la abogacía y la notaría". In re Torres Román, supra, págs.

890-891 (citando a <u>In re Borges Lebrón</u>, 179 DPR 1037 (2010);

<u>In re López de Victoria Brás</u>, 177 DPR 888 (2010); <u>In re</u>

<u>Escalona Colón</u>, 149 DPR 900 (1999); <u>In re Reyes Rovira</u>, 139

DPR 42 (1995)).

Expuesto el cuadro normativo que rige la controversia ante nos, procedemos a evaluar la conducta del licenciado Román Rodríguez bajo tal crisol.

## III

Según se indicó, el licenciado Román Rodríguez fue objeto de múltiples intentos por parte de la ODIN para entablar comunicación y señalar reuniones con el fin de encaminar la inspección de su obra notarial, la cual no había sido inspeccionada desde su reinstalación a la notaría hace casi dos (2) décadas. Sin embargo, este no solo canceló abruptamente la primera de las reuniones acordadas, sino que se ausentó sin explicación a la segunda y nunca respondió a las comunicaciones dirigidas a llevar a cabo una tercera. Después de que el letrado hiciera caso omiso a todas sus comunicaciones, la ODIN se vio obligada a recurrir ante este Tribunal. Sin embargo, a pesar de la incautación de su obra y sello notarial, nuestra orden fue igualmente desatendida por el licenciado Román Rodríguez, a pesar de que fue advertido de las consecuencias de su incumplimiento.

El cuadro fáctico antes descrito demuestra un incumplimiento voluntario, reiterado y deliberado por parte del licenciado Román Rodríguez con los requerimientos de uno de nuestros brazos operacionales y con las órdenes de este

Tribunal. A la luz de este patrón de desobediencia, y en consideración al historial disciplinario antes expuesto, no hay lugar a dudas de que se configura una violación al Canon 9 del Código de Ética Profesional, supra, que amerita la suspensión inmediata e indefinida del licenciado Román Rodríguez de la práctica de la abogacía y la notaría.

## IV

Por los fundamentos que anteceden, suspendemos inmediata e indefinidamente al Lcdo. David W. Román Rodríguez del ejercicio de la abogacía y la notaría.

En virtud de tal suspensión, le imponemos el deber de, dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión Per Curiam y Sentencia, certificar que notificó a todos sus clientes de su incapacidad para continuar con su representación, que devolvió los expedientes y los honorarios recibidos por trabajos no rendidos en los casos pendientes, y que informó de su inhabilidad para ejercer la profesión a los foros judiciales y administrativos en los que tenga un caso pendiente. A esos fines, deberá acreditar y certificar ante este Tribunal dentro del término conferido el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes le notificó de la suspensión. Se le advierte que hacer caso omiso a lo aquí ordenado pudiera conllevar que, de solicitarlo en un futuro, no se le reinstale al ejercicio de la abogacía o notaría.

Como consecuencia de la suspensión del Sr. David W. Román Rodríguez del ejercicio de la notaría, disponemos que la fianza que garantiza sus funciones, de haber prestado la misma, queda automáticamente cancelada. La fianza se considerará buena y válida por tres (3) años después de su terminación en cuanto a los actos realizados durante el periodo en que esta estuvo vigente.

Notifíquese esta Opinión <u>Per Curiam</u> y <u>Sentencia</u> al Sr. David W. Román Rodríguez mediante correo postal y al correo electrónico registrado en el Registro Único de Abogados y Abogadas de Puerto Rico.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

David W. Román Rodríguez

TS-6,321

SENTENCIA

En San Juan, Puerto Rico, a 9 de agosto de 2023.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de le presente Sentencia, se suspende inmediata e indefinidamente al Lcdo. David W. Román Rodríguez del ejercicio de la abogacía y la notaría.

En virtud de tal suspensión, se le impone el deber de, dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión Per Curiam y Sentencia, certificar que notificó a todos sus clientes de su incapacidad para continuar con su representación, que devolvió los expedientes y los honorarios recibidos por trabajos no rendidos en los casos pendientes, y que informó de su inhabilidad para ejercer la profesión a los foros judiciales y administrativos en los que tenga un caso pendiente. A esos fines, deberá acreditar y certificar ante este Tribunal dentro del término conferido el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes le notificó de la suspensión. Se le advierte que hacer caso omiso a lo aquí ordenado pudiera conllevar que, de solicitarlo en un futuro, no se le reinstale al ejercicio de la abogacía o notaría.

Como consecuencia de la suspensión del Sr. David W. Román Rodríguez del ejercicio de la notaría, se dispone que la fianza que garantiza sus funciones, de haber prestado la misma, queda automáticamente cancelada. La fianza se considerará buena y válida por tres (3) años después de su terminación en cuanto a los actos realizados durante el periodo en que esta estuvo vigente.

Notifíquese esta Opinión Per Curiam y Sentencia al Sr. David W. Román Rodríguez mediante correo postal y al correo

electrónico registrado en el Registro Único de Abogados y Abogadas de Puerto Rico.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo