EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br><br><br>María L. Pérez Vargas | 2024 TSPR 117<br><br>214 DPR ___ |

Número del Caso:  TS-8,870


Fecha:  13 de noviembre de 2024


Oficina de Inspección de Notarías

     Lcda. Nilda Emmanuelli Muñiz
     Directora Interina


Representante legal de María L. Pérez Vargas:

     Lcda. Daisy Calcaño López


Materia:  Conducta Profesional – Suspensión inmediata e indefinida del ejercicio de la notaría por craso incumplimiento con las órdenes y requerimientos del Tribunal Supremo y sus dependencias.


Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| *In re*: | | |
|---|---|---|
| María L. Pérez Vargas | TS-8,870 | |

**PER CURIAM**

En San Juan, Puerto Rico, a 13 de noviembre de 2024.

Nos corresponde ejercer nuestra potestad disciplinaria sobre una integrante del notariado. En el día de hoy, separamos inmediata e indefinidamente a la Lcda. María L. Pérez Vargas (licenciada Pérez Vargas o promovida) del ejercicio de la notaría por el craso incumplimiento con las órdenes y requerimientos de este Tribunal y sus dependencias, respectivamente.

Veamos a continuación los fundamentos que sostienen nuestro dictamen.

**I**

La licenciada Pérez Vargas fue admitida al ejercicio de la abogacía el 5 de enero de 1988 y al notariado el 6 de abril de 1988. En lo que aquí nos concierne, el pasado 23 de julio de 2024 la Oficina de Inspección de Notarías (ODIN) presentó ante nos una *Moción urgente en solicitud de incautación de obra notarial y en solicitud de remedios*. Según adujo nuestra dependencia, existe una legítima preocupación sobre el riesgo al tráfico jurídico procedente de **serios señalamientos que fueron**

**identificados en más de un centenar de instrumentos públicos** autorizados por la promovida.

Específicamente, la obra notarial de la promovida para los años 2013 al 2020, inclusive, estaba presta a ser inspeccionada por la ODIN a partir del 15 de marzo de 2021. Posteriormente, la inspección se dio entre el 29 de marzo de 2021 y el 14 de mayo de 2021. Así las cosas, para finales de julio de 2021, la inspectora, Lcda. Mariluz Rivera Ortiz (licenciada Rivera Ortiz), remitió a la promovida ciertos *Informes de Señalamientos Preliminares*.

Transcurridos más de seis meses desde que se le notificaron los señalamientos a la licenciada Pérez Vargas, la licenciada Rivera Ortiz le cursó a esta primera un correo electrónico con el fin de coordinar una reinspección para enero de 2022. Inicialmente, la promovida afirmó que se encontraba trabajando con la subsanación de la obra, que debía comparecer al tribunal durante la segunda semana del mes propuesto y que su asistente se encontraba adoleciendo de COVID-19. Por ello solicitó se reprogramara la visita para el 24 al 28 de enero de 2022.

Sin embargo, la licenciada Pérez Vargas siguió su comunicación con un segundo correo electrónico en el que volvió a solicitar tiempo adicional y expuso que dada la enfermedad de su asistente debía guardar cuarentena, por lo que deseaba coordinar la visita para febrero o marzo de 2022. Tras pasar más de catorce meses luego de este

intercambio,[1] la licenciada Rivera Ortiz retomó las tareas de inspección y sostuvo conversaciones telefónicas con la promovida en marzo, octubre y diciembre de 2023. Además, se asignó a otro inspector, el Lcdo. José R. Santiago Rodríguez (licenciado Santiago Rodríguez) para que inspeccionara la obra atinente a los años 2021 y 2022.

Así pues, ambos inspectores suscribieron un *Informe Especial de Deficiencias de la Obra Notarial de la Lcda. María L. Pérez Vargas, Notaria Número 8870* el 1 de julio de 2024. Entre las faltas encontradas en varios instrumentos se destacan: (1) omitir el tracto o título, (2) omitir descripciones de bienes inmuebles, (3) ausencia de firmas e iniciales de uno o varios integrantes, (4) omitir consignar la unidad de acto existiendo testigos instrumentales, (5) poderes protocolizados que no fueron autorizados por un notario, (6) uso de un poder ineficaz en una compraventa y (7) una deuda arancelaria por sellos omitidos ascendente a $5,248.00.[2] Se informó además que en todos estos casos sería imprescindible la ratificación de los instrumentos otorgados.

A juicio de la ODIN, la situación irregular se agravó por el extenso tiempo transcurrido desde que se le examinaron los protocolos a la promovida, la desatención demostrada por esta en los procesos en los que se le han hecho señalamientos similares y que **pese a conocer de estos**

---

[1] La ODIN reconoce que la dilación le es en parte atribuible. Véase, Moción urgente en solicitud de incautación de obra notarial y en solicitud de remedios, pág. 3.

[2] *Íd.*, págs. 4-5.

**errores la fedataria continuó plasmándolos en nuevos instrumentos.**

Por ello y como se intima del título de la moción instada por la ODIN, se nos solicitó que ordenáramos la incautación preventiva de la obra y sello de la licenciada Pérez Vargas. Además, que le concediéramos a la promovida un plazo de diez días para que mostrara causa por la cual no debiéramos suspenderla inmediatamente del ejercicio de la notaría.

A ello accedimos mediante *Resolución* del 29 de julio de 2024, en la que también le concedimos a la promovida un plazo perentorio de noventa días para que encaminara la subsanación de su obra protocolar. Le advertimos igualmente de la posibilidad de sanciones mayores, incluyendo la suspensión del ejercicio de la abogacía.

Posteriormente recibimos una comparecencia de la promovida en la que hizo ciertas aseveraciones sobre el proceso de subsanación protocolar. En primer lugar, afirmó que fue solamente tras la solicitud de incautación preventiva de la ODIN que advino en conocimiento de que el licenciado Santiago Rodríguez había rendido un informe de inspección correspondiente a los años 2021 y 2022 el 4 de diciembre de 2023.

La promovida también alegó que ha solicitado ayuda para atender la subsanación y cumplir con sus obligaciones como notaria. Igualmente sostiene que nunca ha sido objeto de sanciones disciplinarias en sus treinta y seis años de

carrera. Por último, intimó que muchas de las faltas atinentes al primer informe de la licenciada Rivera Ortiz fueron corregidas, pero que esta segunda no le dio tiempo a la promovida para demostrar las correcciones pues tenía pendiente inspeccionar la obra de otro notario.

Tras recibir estas refutaciones, le concedimos término a la ODIN para que replicara. Así las cosas, la ODIN les solicitó a los inspectores que rindieran informes actualizados sobre el estado de la subsanación. Consecuentemente, la ODIN presentó un *Informe del Estado de la Obra Notarial Incautada* […]. Allí reconoce que el informe rendido por el licenciado Santiago Rodríguez en efecto fue comunicado con la solicitud de incautación preventiva, dada la cantidad de faltas allí identificadas.

Ahora bien, la ODIN reafirma que persisten múltiples y serias deficiencias notariales, por lo cual no varía su posición, pese a que la promovida ha comenzado a llevar a cabo ciertas gestiones de subsanación. Resaltamos que la licenciada Rivera Ortiz informó que la obra del 2024 presenta nuevamente una serie de omisiones, incluyendo una deficiencia arancelaria de $446.50.[3] Además, según expuso el licenciado Santiago Rodríguez, falta completar la subsanación de la obra de 2023, aunque se han comenzado a subsanar ciertas deficiencias de los años 2021 y 2022.[4]

---

[3] Informe del Estado de la Obra Notarial Incautada […], Anejo I, pág. 1.

[4] *Íd.*, Anejo II, pág. 1.

Expuesto el asunto ante nosotros, procedemos a resolver.

## II

El Canon 9 del Código de Ética Profesional exige que "[e]l abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto".[5] De allí surge la obligación que tienen los abogados y abogadas de responder oportuna y diligentemente a los requerimientos de este Tribunal.[6] Por ende, hemos resuelto reiteradamente que la desatención a nuestras órdenes acarrea la suspensión del ejercicio de la profesion.[7] Por tal razón, si luego de proveerle un término a un abogado para que muestre causa por la cual no deba ser suspendido, este incumple con nuestro mandato, procede que sea sancionado con la suspensión indefinida del ejercicio de la abogacía y la notaría.[8]

Vale mencionar, que **la obligación que surge del Canon 9 se extiende igualmente a las exigencias que pueda hacer la ODIN**.[9] Por tanto, un abogado o abogada que desatiende las órdenes de este Tribunal, al igual que los requerimientos de la ODIN, viola el Canon 9.[10] Por tanto, los notarios, tienen el deber de subsanar con premura toda falta señalada por la ODIN.[11]

---

[5] Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX.
[6] In re: Alers Morales, 204 DPR 515, 519 (2020).
[7] Íd.
[8] In re Amiama Laguardia, 196 DPR 844, 847 (2016).
[9] In re Alers Morales, supra, pág. 519.
[10] Íd.
[11] In re Amiama Laguardia, supra, pág. 847.

**III**

Ciertamente existen serias contenciones de parte de la ODIN sobre la naturaleza de los presuntos errores y omisiones que se identificaron en la obra notarial de la licenciada Pérez Vargas. Sin embargo, en esta ocasión nos corresponde únicamente atender la evidente displicencia con la que la promovida ha procedido con la subsanación de su obra protocolar. Y es que independientemente de si el tiempo transcurrido desde las inspecciones iniciales sea provocado en parte por la ODIN o por la promovida, lo que no es menos cierto es que el pasar de los años sugiere que la licenciada Pérez Vargas no ha demostrado un compromiso activo con la labor correctiva.

Las comunicaciones que obran en el expediente, al igual que los informes rendidos por los inspectores, denotan que la peticionaria **no ha tomado con la debida seriedad la cantidad impresionante de deficiencias que se le han notificado en su obra protocolar**. Nótese que la dilación no surge de una disyuntiva interpretativa entre la letrada y la ODIN. Dicho de otro modo, se desprende que esta **reconoce las deficiencias notificadas, pero no observamos que haya hecho mayores esfuerzos** para atender los señalamientos.

Si bien es cierto que la promovida afirma, y la ODIN concede en parte, que ha realizado cierta cantidad de labores conducentes a subsanar su obra en las pasadas semanas, no podemos obviar que ello dista del nivel de

gestión que habríamos esperado tras haber transcurrido sobre **tres años** desde que se inspeccionaron sus protocolos por primera vez.

La desatención con este proceso, y aparente reincidencia en la comisión de los errores que la ODIN ha identificado nos mueven a separar a la promovida del ejercicio de la notaría. Si bien reconocemos que esta no ha tenido incidentes disciplinarios en el pasado, no obviamos que el incumplimiento con nuestras órdenes es, en sí, razón suficiente para una suspensión sin infracción adicional.[12] En la medida que la licenciada Pérez Vargas complete cabalmente la subsanación protocolar y atienda responsivamente los requerimientos de la ODIN, estaremos en posición de considerar una reinstalación al notariado.

## IV

Por los fundamentos previamente expuestos en esta *Opinión Per Curiam*, se decreta la suspensión inmediata e indefinida de la Lcda. María L. Pérez Vargas del ejercicio de la notaría, por su craso incumplimiento con nuestras órdenes y los requerimientos de la Oficina de Inspección de Notarías, como dependencia de este Tribunal.

En vista a que el Alguacil de este Tribunal ya incautó preventivamente el sello y la obra notarial de la licenciada Pérez Vargas, se procede a dar por terminada la última fianza otorgada de conformidad con la Ley Núm. 69 de 9 de marzo de 1911, según enmendada, 30 LPRA sec.

---

[12] In re Torres Román, 195 DPR 882, 890-91 (2016).

1725 *et seq*. Así se garantizan las funciones notariales de la promovida y la fianza se considerará buena y válida por tres (3) años después de su terminación para los actos realizados por la fiada durante el periodo en que estuvo vigente.

Se le ordena a la licenciada Pérez Vargas que notifique a quienes hayan procurado sus servicios notariales de su inhabilidad para atender los trabajos pendientes y que devuelva aquellos honorarios notariales recibidos por trabajos aún no rendidos.

La licenciada Pérez Vargas deberá dar pronta atención al proceso de subsanación de su obra protocolar, tomando todas las medidas a su alcance, incluyendo la contratación de un notario a su costo, dentro del plazo de noventa días, contado a partir de la notificación de este dictamen. El incumplimiento con esta orden podrá resultar en un referido al Tribunal de Primera Instancia para un procedimiento de desacato civil. Se le advierte además que la desatención a nuestras órdenes podrá resultar en un referido al Departamento de Justicia por motivo de la deuda arancelaria identificada en su obra.

El incumplimiento con todo lo anterior podrá resultar en la imposición de sanciones más severas, incluyendo la suspensión del ejercicio de la abogacía.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| *In re*: | | |
|---|---|---|
| María L. Pérez Vargas | TS-8,870 | |

**SENTENCIA**

En San Juan, Puerto Rico, a 13 de noviembre de 2024.

Por los fundamentos previamente expuestos en esta *Opinion Per Curiam* que antecede, se decreta la suspensión inmediata e indefinida de la Lcda. María L. Pérez Vargas del ejercicio de la notaría, por su craso incumplimiento con nuestras órdenes y los requerimientos de la Oficina de Inspección de Notarías, como dependencia de este Tribunal.

En vista a que el Alguacil de este Tribunal ya incautó preventivamente el sello y la obra notarial de la licenciada Pérez Vargas, se procede a dar por terminada la última fianza otorgada de conformidad con la Ley Núm. 69 de 9 de marzo de 1911, según enmendada, 30 LPRA sec. 1725 *et seq*. Así se garantizan las funciones notariales de la promovida y la fianza se considerará buena y válida por tres (3) años después de su terminación para los actos realizados por la fiada durante el periodo en que estuvo vigente.

Se le ordena a la licenciada Pérez Vargas que notifique a quienes hayan procurado sus servicios notariales de su inhabilidad para atender los trabajos pendientes y que devuelva aquellos honorarios notariales recibidos por trabajos aún no rendidos.

La licenciada Pérez Vargas deberá dar pronta atención al proceso de subsanación de su obra protocolar, tomando todas las medidas a su alcance, incluyendo la contratación de un notario a su costo, dentro del plazo de noventa días, contado a partir de la notificación de este dictamen. El incumplimiento con esta orden podrá resultar en un referido al Tribunal de Primera Instancia para un procedimiento de desacato civil. Se le advierte además que la desatención a nuestras órdenes podrá resultar en un referido al Departamento de Justicia por motivo de la deuda arancelaria identificada en su obra.

El incumplimiento con todo lo anterior podrá resultar en la imposición de sanciones más severas, incluyendo la suspensión del ejercicio de la abogacía.


Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo